OPINION OF THE COURT
William C. Brennan, J.
This is an article 78 proceeding brought by the defendant against the Judges of the Criminal Court and the District Attorney of Queens County. He seeks an order prohibiting the Criminal Court and District Attorney from retrying him for petit larceny and criminal possession of stolen property in the third degree.
It appears that the first trial commenced on June 20, 1980 before a jury. No alternates were selected. On July 1, two days before the projected end of the case, the father of one of the jurors suffered a stroke in Boston. The juror Mrs. Green wished to go to Boston to be with him and when asked by the court if she could return to court on July 7, she replied that she did not know at this point. The court then ascertained that another juror had booked passage overseas on July 7. It further appears that an adjournment to July 7 would carry the jurors into their fourth week of jury service.
The Criminal Court Judge then made a determination that Mrs. Green was not able to carry on, and that because of the serious circumstances within her family, it would be unconscionable to insist that she sit through the remainder *728 of the trial. The court then found “manifest necessity” and declared a mistrial over the defendant’s objection.
A motion for a mistrial is covered by CPL 280.10 which provides that the court must declare a mistrial and order a new trial upon motion of either party or upon its own motion when it is physically impossible to proceed with the trial in conformity with law. The reason justifying the ordering of a mistrial in a criminal case must be a necessitous one, actual and substantial. (Matter of Nolan v Court of Gen. Session of County of N.Y., 11 NY2d 114.) There must be a manifest necessity for the mistrial (United States v Perez, 9 Wheat [22 US] 579). The decision must rest with the Trial Judge since he is in the best position to determine whether a mistrial is in fact necessary and deference should be accorded to his decision (Matter of Napoli v Supreme Ct. of State of N.Y., 33 NY2d 980, affg 40 AD2d 159; Hall v Potoker, 49 NY2d 501). The mistrial in this case was not founded solely upon the convenience of the court but was a manifest necessity due to the inability of a juror to continue. (People v Michael, 48 NY2d 1.)
This court has been unable to find any reported case in this State concerning illness or death in a juror’s family as grounds for a mistrial, but there are other State and Federal cases holding such declarations of mistrial proper and not a basis for a double jeopardy claim. (Rittenberry v State, 30 Ga App 289; State v Critelli, 237 Iowa 1271; Matter of Earle, 316 Mich 295; Woodward v State, 42 Tex Cr Rep 188; United States v Armco Steel Corp., 252 F Supp 364; Wade v Hunter, 336 US 684.) The reasoning of these cases is that the illness or death of a member of a juror’s family may render the juror incapable of calm and deliberate consideration and reasoning and justify discharging the jury panel. If the juror were forced to continue, his or her mental state might well be transmitted to the other jurors, thus affecting their calm consideration and reasoning. (Salistean v State, 115 Neb 838; 21 Am Jur 2d, Criminal Law, §§ 202, 203; 22 CJS, Criminal Law, § 259.)
Accordingly this court holds the mistrial to have been properly declared as a manifest necessity pursuant to CPL 280.10 (subd 3) and the application for an order of pro *729 hibition against the Judges of the Criminal Court and the District Attorney is denied.