Joseph PETERS, Petitioner,

v.

William QUICK, Respondent.

No. 82 Civ. 6773 (KTD).

United States District Court,
S.D. New York.

July 7, 1983.

Joseph Peters, pro se.

Joseph P. Brown, Dist. Atty. of Orange County, Goshen, N.Y., for respondent; Barbara Strauss, Sr. Asst. Dist. Atty., Goshen, N.Y., of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

This petition for habeas corpus is brought *pro se* by a state court prisoner pursuant to 28 U.S.C. § 2254. The petitioner challenges his conviction and his sentence on a number of constitutional grounds: (i) that the trial judge's *sua sponte* declaration of a mistrial was an abuse of discretion and improper and, therefore, that the subsequent trial constituted double jeopardy, (ii) that he was denied effective assistance of counsel, (iii) that the statute under which he was sentenced was unconstitutional as applied to the facts of his case, and (iv) that he was denied a speedy trial. For the reasons stated below, this petition is dismissed.

*Procedural History*

On March 31, 1977, petitioner was indicted by the Grand Jury of Orange County for the crimes of Criminal Sale of a Controlled Substance in the Second Degree, Criminal Sale of a Controlled Substance in the Third Degree, and two counts of Criminal Possession of a Controlled Substance. The case involved a transfer of approximately three and a half grams of cocaine. Defendant was tried and convicted as charged and was sentenced to a period of six years to life on April 19, 1978. This judgment of conviction was reversed by the Appellate Division of the New York State Supreme Court on July 16, 1979 and the case was remanded for a new trial. A second trial commenced on November 26, 1979 and ended in a mistrial on December 6, 1979. Petitioner was brought to trial a third time on February 13, 1980. He was convicted as charged and sentenced to a period of six years to life on April 16, 1980.

On January 19, 1981 the petitioner moved to vacate the order of the trial court on the grounds that he was denied the effective assistance of counsel and that his rights of protection against double jeopardy were violated by the declaration of mistrial and subsequent retrial. Following an April 13, 1981 hearing, the motion to vacate was denied. The Appellate Division, Second Department, of the New York State Supreme Court, unanimously affirmed petitioner's conviction on December 31, 1981. His application for leave to appeal to the New York State Court of Appeals was denied on March 12, 1982.

*Discussion*

1. Double Jeopardy Claim

Petitioner argues that the declaration of a mistrial by the trial judge at his second trial violated the Constitution's double jeopardy clause. A mistrial was declared after the jury foreman collapsed at the entrance of the jury room during deliberations. There were no alternate jurors available to fill the vacant seat because both alternates had been seated during the trial due to the illness of two of the original jurors.

Testimony at the hearing held on petitioner's motion to vacate the verdict showed that the foreman was examined at the time of his collapse by Dr. Russell Johnson, Health Commissioner of Orange County. Dr. Johnson had advised the court that in his opinion the foreman had suffered a heart attack. After the foreman was taken from the jury room by ambulance to the

hospital, the court *sua sponte* declared a mistrial without obtaining the consent of the petitioner.

When a mistrial is declared without the consent of the defendant, a new trial may be held without violating the double jeopardy clause if there was a "manifest necessity" for the mistrial. *Arizona v. Washington,* 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978). The trial judge's decision to declare a mistrial is entitled to "special respect." *Id.* at 510, 98 S.Ct. at 832. In order to protect a defendant's constitutionally protected interests, however, "reviewing courts have an obligation to satisfy themselves that . . . the trial judge exercised 'sound discretion' in declaring a mistrial." *Id.* at 514, 98 S.Ct. at 834. I am satisfied that the trial judge exercised "sound discretion" in declaring a mistrial on December 6, 1979.

When the foreman of petitioner's second jury suffered a heart attack and was removed to the hospital there were left only eleven jurors. The unavailability of an irreplaceable juror has been held to necessitate a mistrial. *See United States v. Smith,* 621 F.2d 350 (9th Cir.1980), *cert. denied,* 449 U.S. 1087, 101 S.Ct. 877, 66 L.Ed.2d 813 (1981); *United States v. Potash,* 118 F.2d 54 (2d Cir.1941); *see also Dunkerley v. Hogan,* 579 F.2d 141, 148 n. 7 (2d Cir.1978), *cert. denied,* 439 U.S. 1090, 99 S.Ct. 872, 59 L.Ed.2d 56 (1979); *People v. Portalatin,* 105 Misc.2d 725, 433 N.Y.S.2d 57, 58 (Queens County 1980). The trial judge's failure to articulate, on the record, all the factors he considered before declaring a mistrial, does not necessitate a finding that he abused his discretion. *Arizona v. Washington,* 434 U.S. at 517, 98 S.Ct. at 836; *Dunkerley v. Hogan,* 579 F.2d at 146 n. 5. Moreover, there is no indication that Peters' attorney ever objected to the mistrial or suggested possible alternatives, such as a jury of eleven. I conclude, therefore, that the trial judge soundly exercised his discretion.

### 2. Effective Representation

Petitioner contends that he was deprived of adequate assistance of competent counsel because the trial judge denied defense counsel's application for a three day continuance at the commencement of his third trial. In his brief to the Appellate Division, petitioner argued that the continuance was necessary to his defense since defense counsel, having been on the case for only one month, needed the extra time to familiarize himself with the lengthy transcripts of the preceding two trials. He also claimed that he was ill at the time and unable to assist his lawyer. Finally, he argued that the extra three days would have enhanced defense counsel's ability to properly voir dire the jury concerning defenses that he intended to raise.

Although the three day continuance may well have been of help to the defense, denial of his request in this case does not amount to an abridgment of petitioner's constitutional rights in the absence of any allegations of *actual* prejudice to his case. Speculation that the extra time would have helped are insufficient. A high standard must be met to establish lack of effective representation by counsel. " 'Unless the purported representation by counsel was such as to make the trial a *farce and mockery of justice,* mere allegations of incompetency or inefficiency of counsel will not ordinarily suffice as grounds for issuance of a writ of habeas corpus . . . .' " *Indivigilio v. United States,* 612 F.2d 624, 626 (2d Cir.1979), *cert. denied,* 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768 (1980), quoting *United States v. Wight,* 176 F.2d 376, 379 (2d Cir.1949), *cert. denied,* 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950).

Petitioner has failed to carry his burden of demonstrating that his trial was "a farce or a mockery of justice," or that representation by counsel was so incompetent that it "shocks the conscience of the court." *United States v. Yanishefsky,* 500 F.2d 1327, 1333 (2d Cir.1975). I therefore find petitioner's Sixth Amendment claim based on ineffective assistance of counsel to be without merit.

### 3. Constitutionality of Sentence

On April 16, 1980, petitioner was convicted of Criminal Sale of a Controlled

Substance in the Second Degree and Criminal Sale of a Controlled Substance in the Third Degree. *See* N.Y. Penal Law §§ 220.41 & 220.39. He was sentenced to a term of six years to life.

In his brief to the Appellate Division of the New York State Supreme Court, petitioner sought to have his sentence reduced, arguing that it was harsh and excessive. Petitioner emphasized his personal background as a hard working businessman and family man, with no record of prior criminal activity. He also pointed out that had the crime been committed after September 1, 1979, the second transfer of narcotics would not have been an A–II felony, due to an ameliorative amendment of the New York Penal Law. The potential sentence then could have been significantly less. Moreover, certain provisions of New York Penal Law section 60.90 give New York judges the discretion to apply ameliorative retroactive sentencing to persons that were convicted of class A–II and A–III drug felonies under the tougher 1973 drug laws. The trial judge, however, declined to sentence petitioner under the modified law that permitted a sentence minimum of three years to life, instead of six years to life.

The Appellate Division refused to overturn the trial court's sentencing decision. In addition, petitioner brought a state habeas corpus proceeding in which he asserted that his sentence was cruel and inhuman punishment in violation of the Eighth Amendment. This petition was rejected by the Dutchess County Supreme Court, and apparently by the New York State Court of Appeals. Petitioner again urges that the statute under which he was sentenced to six years to life is unconstitutional as applied to the facts of his case, and that the sentence imposed constituted cruel and unusual punishment in violation of the Eighth Amendment.

In light of the Supreme Court's decision in *Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982), I must reject petitioner's argument. In *Hutto,* the Supreme Court affirmed its earlier decision in *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) which held that "for crimes concededly classified and classifiable as felonies ... the length of the sentence actually imposed is purely a matter of legislative prerogative." *Id.* at 274, 100 S.Ct. at 1139. Thus, " 'successful challenges to the proportionality of particular sentences' should be 'exceedingly rare.' " *Hutto,* 454 U.S. at 374, 102 S.Ct. at 705, quoting *Rummel,* 445 U.S. at 272, 100 S.Ct. at 1138.

This is not such a "rare" case. Both *Rummel* and *Hutto* were more compelling cases than petitioner's; yet the Supreme Court upheld the convictions in both cases. In *Rummel,* the defendant was sentenced to life imprisonment after his third property-related felony under a Texas recidivist statute. In total, the three crimes involved slightly less than $230. This case involves "controlled substances" that the legislature has decided are a very substantial evil. In *Hutto,* the defendant was sentenced to 40 years imprisonment and a $20,000 fine for possession of nine ounces of marijuana. 454 U.S. at 371, 102 S.Ct. at 703–04. The instant case involves more serious drugs and a lesser sentence. Therefore, consonant with the Supreme Court's decisions in *Rummel* and *Hutto,* under the facts of this case petitioner's sentence is not so grossly disproportionate to the offense committed that it constitutes a violation of the Eighth Amendment. *Accord People v. Broadie,* 37 N.Y.2d 100, 118, 332 N.E.2d 338, 371 N.Y. S.2d 471, *cert. denied,* 423 U.S. 950, 96 S.Ct. 372, 46 L.Ed.2d 287 (1975) (six years to life sentence for "street" sale of small amount of cocaine does not violate the Eighth Amendment).

### 4. Speedy Trial

Petitioner claims that during his first trial he was denied his right to a speedy trial in violation of the Sixth Amendment. He was indicted on March 31, 1977 and the case moved to trial on January 19, 1978, approximately nine and one half months later. Petitioner made no demand for immediate trial until December 23, 1977, when he filed a motion to dismiss the indictment for failure to prosecute, pursuant to N.Y.Crim.

Proc.Law § 30.30 (McKinney 1981 & Supp. 1982). The motion was denied and the trial commenced three and a half weeks later.

■ The Constitution requires no fixed time period within which a trial must commence. *Barker v. Wingo,* 407 U.S. 514, 529, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972). The courts must decide what constitutes impermissible delay on an *ad hoc* basis, depending on the particular circumstances of each case. *See id.* at 531, 92 S.Ct. at 2192. To aid the judge in this determination, the Supreme Court has delineated four factors to be weighed in determining whether a defendant has been deprived of his right to a speedy trial: (i) length of delay, (ii) reasons for delay, (iii) defendant's assertion of his right, and (iv) prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2191.

Nine and a half months is not a patently unreasonable period of time. In *Barker v. Wingo,* for example, the defendant did not go to trial for well over five years. *Id.* at 533, 92 S.Ct. at 2193. It should be considered, however, whether the government deliberately engaged in dilatory tactics for the purpose of hampering the defense, *see id.* at 531, 92 S.Ct. at 2192, or whether the delay caused actual prejudice to the defendant. *See id.* at 532, 92 S.Ct. at 2193.

Petitioner argued before the Appellate Division that the delays in bringing the matter to trial were caused by the prosecution's failure to diligently proceed. He argued that such delays were in no way necessary to the development of the prosecution's case, that the state ultimately offered no proof at trial that was not obtained prior to defendant's arrest, that the prosecutor never discussed the case with his star witness until three weeks prior to trial and that the Assistant District Attorney made a statement that he did not begin preparation of the case until the beginning of January, 1978, some nine months after the indictment.

On the other hand, the government claimed that it was ready for trial as early as the day of the indictment, and that subsequent delays were caused by defense counsel's failure to appear at appointed times to listen to certain evidentiary tapes, and defense counsel's request for an independent analysis of the seized narcotics.

■ It is unnecessary, however, to resolve the differences in the parties' understanding of the reasons for the delay. Although negligence or lack of diligence on the government's part is a factor to consider, *see Barker v. Wingo, supra,* at 531, 92 S.Ct. at 2192, it does not violate the defendant's constitutional rights in this case because the defendant was not prejudiced by the nine month delay. He was not incarcerated during the time prior to trial, *see id.* at 533, 92 S.Ct. at 2193, and although he claimed in his brief to the Appellate Division the loss of a potential defense witness, it appears that the same witness eventually testified for the prosecution. Upon consideration of the factors set forth by the Supreme Court in *Barker v. Wingo,* therefore, I conclude that petitioner was not deprived of his constitutional right to a speedy trial.

*Conclusion*

For the reasons stated above, I must conclude that petitioner's claims of double jeopardy, lack of effective representation, unconstitutional sentence, and denial of his speedy trial rights are without merit.

The petition for a writ of habeas corpus is denied.

SO ORDERED.