■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT GRIFFIN, Appellant.—Harvey, J. Appeals (1) from a judgment of the County Court of Albany County (Clyne, J.), rendered September 28, 1983, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree, and (2) by permission, from an order of said court (Turner, Jr., J.), entered December 20, 1984, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On the evening of January 21, 1983, defendant sold a quantity of cocaine to an undercover police officer. The sale took place in a motel parking lot on Central Avenue in the Town of Colonie and defendant was paid $50 for the narcotic. In February 1983, he was indicted for the crime of criminal sale of a controlled substance in the third degree. Defendant subsequently pleaded guilty to the reduced charge of criminal sale of a controlled substance in the fifth degree. He received an indeterminate prison sentence of 2⅓ to 7 years. Defendant thereafter moved pursuant to CPL 440.10 for an order vacating the judgment and for permission to withdraw his plea of guilty. That motion was denied and defendant appeals from that denial and also from the judgment of conviction.

On appeal from his conviction, defendant asserts that reversal is required because he was denied the opportunity to be represented by counsel of his choice. The record does not support that contention. Defendant was represented by an attorney from the Public Defender's office when he appeared on the date scheduled for trial. He advised the trial court that he had retained an attorney from New York City to represent him. The court noted that, in an earlier appearance, defendant had claimed another attorney was representing him.

That attorney, however, had informed the court that he did not represent defendant. Although defendant had been given notice over a week earlier that the case was ready for trial, no retained attorney appeared or contacted the court.

The trial court granted a one-hour recess to allow defendant to contact that attorney. Following the recess, the Public Defender, in defendant's presence, advised the court that the attorney would not be attending the proceedings and that defendant would enter a guilty plea to a reduced charge. Defendant concurred on the record and agreed that the Public Defender's office should continue to represent him. The court specifically determined that defendant accepted the Public Defender as his attorney.

It is apparent from the record that the Public Defender's office had been representing defendant's interests for at least three months prior to the date of the plea proceeding. Defendant accepted representation by that office at arraignment. Pretrial motions were prepared and made by that office and defendant met and prepared for trial with the Public Defender. Given the fact that defendant had previously misrepresented the status of his retained counsel to the trial court, coupled with his request to have an attorney who had not previously appeared in the matter substituted on the day of trial, it was not an abuse of discretion to refuse to delay the trial longer than the recess which was granted. Most significant is the fact that defendant returned to the courtroom and acknowledged on the record that he accepted assigned counsel to represent him at the plea proceeding. Under the circumstances herein present, there was no impropriety in the proceeding or abuse of discretion by the court (*People v Medina,* 44 NY2d 199, 208-209; *People v Gibson,* 84 AD2d 885, 886; *People v Fruehwirth,* 83 AD2d 975, 976).

The final point raised by defendant on the appeal from his conviction is that his sentence was excessive. Defendant, who was indicted for a class B felony, was permitted to enter a plea to a class D felony. The maximum potential sentence defendant could have received had he been convicted for the offense charged in the indictment was an indeterminate term of 8⅓ to 25 years. However, the D felony to which he pleaded guilty carried only a maximum sentence of 2⅓ to 7 years, which was the sentence imposed in this case. Defendant has a record of having been arrested for six offenses between July 1979 and the time of the instant offense. A 1983 charge for unauthorized use of a motor vehicle was dismissed when he pleaded guilty in the instant case to criminal sale of a con-

trolled substance in the fifth degree. Given defendant's history and circumstances, the sentence imposed was not excessive *(see, People v Colon,* 91 AD2d 641, 642). In fact, defendant was advised that the exact sentence might be imposed. With that knowledge, he affirmed his guilty plea *(see, People v Suber,* 58 AD2d 664; *see also, Peters v Quick,* 567 F Supp 331, *affd* 732 F2d 142).

Finally, we affirm the summary denial of defendant's motion to set aside the judgment of conviction. In that motion, defendant alleged a denial of his right to counsel. Since the judgment was on appeal to this court, the denial of defendant's motion was proper since appellate relief was available, and defendant failed to demonstrate the existence of pertinent evidence extraneous to the record *(see,* CPL 440.10 [2]; 440.30 [2]; *People v Harris,* 109 AD2d 351, 354; *People v Donovan,* 107 AD2d 433, 443-444).

Judgment and order affirmed. Mahoney, P. J., Kane, Mikoll, Levine and Harvey, JJ., concur.