■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JINNY L. MILLER, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered May 29, 1991, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree (two counts) and assault in the second degree.

The facts underlying this matter are more fully set forth in this Court's decision resolving the appeal of the codefendant, Uleece Jacobs *(see, People v Jacobs,* 188 AD2d 897). Briefly, defendant's convictions stem from an incident when she and Jacobs entered the victim's apartment, hit him over the head with a bottle, and stole cash and other items from his person and apartment.

Evidence adduced at trial, viewed in the light most favorable to the People, supports defendant's convictions. The victim testified that at the time he was attacked defendant and Jacobs were the only people in the apartment and that Jacobs was in front of him and defendant behind him when he was struck on the back of the head from behind with a hard object. The fact that a beer bottle, which was not in the

apartment prior to the incident, was found near the victim's head when he awoke, constitutes sufficient evidence from which the jury could conclude that the bottle was used to strike the victim. Moreover, the doctor who treated the victim's wounds testified that they were consistent with his being hit with a heavy glass object. As for defendant's assertions that evidence was lacking that the bottle was a dangerous instrument and that the victim suffered physical injuries within the meaning of the Penal Law, those very claims were previously considered and rejected by this Court on Jacobs' appeal *(supra)*.

Nor do we find merit in defendant's contention that her conviction for assault in the second degree, the sixth count of the indictment, must be reversed because it is an inclusory concurrent count of the fifth count, charging robbery in the second degree (Penal Law § 160.10 [2] [a]), of which she was also convicted. Because it is theoretically possible to have committed all of the elements of robbery as set forth in Penal Law § 160.10 (2) (a) without using a dangerous instrument, and thus without committing assault in the second degree as set forth in Penal Law § 120.05 (2), the latter is not an inclusory offense of the former *(see, People v Irazarry,* 114 AD2d 1041, 1042).

Weiss, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.