■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE T. PEREZ, Appellant. [610 NYS2d 643] —Casey, J. Appeal from a judgment of the County Court of Montgomery County

(Aison, J.), rendered January 7, 1993, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant, through his attorney, offered to withdraw his previous plea of not guilty and enter a plea of guilty to the crime of criminal sale of a controlled substance in the third degree in full satisfaction of the six-count indictment filed against him. Upon defendant's plea, it was understood that he should receive an indeterminate term of imprisonment of 6 to 12 years and pay restitution in the amount of $180. Defendant acknowledged in open court, in response to County Court's question, the rights that he was forfeiting by his plea. Defendant further acknowledged that he had discussed the matter thoroughly with his attorney, that he was satisfied with his attorney's representation and that he had not been persuaded, threatened or coerced into pleading guilty. Defendant further accepted the proposed sentence which was offered and which was imposed after his plea. Defendant, after conferring with his attorney, stated that he was willing to waive his right to appeal and all other rights that the court informed him of.

On this appeal, defendant claims that his waiver of the right to appeal was not knowing, intelligent and voluntary. We find this claim untenable. Defendant made no effort to preserve his claim at the time of his plea and failed to move to withdraw his plea or to vacate the judgment of conviction. Defendant, therefore, failed to preserve his claim (see, People v Negron, 193 AD2d 976, lv denied 82 NY2d 757). In any event, the record establishes a knowing and intelligent waiver of defendant's right to appeal.

Defendant also attempts to raise for the first time on this appeal a claim that his legal representation was ineffective. Having expressed his satisfaction with his attorney at the time of his plea, defendant has failed to show any conflict of interest on his attorney's part that "affected, or operated on, or [bore] a substantial relation to the conduct of the defense" (People v Ortiz, 76 NY2d 652, 657). Defendant received the prison sentence of 6 to 12 years he agreed to, and the plea and sentence were beneficial to defendant. We find no reason to disturb it (see, People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899).

Defendant also objects to the restitution ordered by the judgment. Prior to November 1, 1991, County Court lacked the authority to order restitution to a law enforcement agency for unrecovered funds used in the purchase of drugs as part of

an investigation leading to a conviction *(see, People v Rowe,* 75 NY2d 948). Penal Law § 60.27 (9) was added to authorize such restitution. Defendant contends that the law enforcement agency seeking restitution in this case failed to file the affidavit required by Penal Law § 60.27 (9). We conclude, however, that the filing of the affidavit is not a matter that affects the court's authority to order restitution, but relates to the amount of the restitution. After defense counsel noted that he had seen no restitution figures other than those stated by the District Attorney, defendant was advised that he had a right to a hearing on the amount of the restitution and that one would be held if he disputed the $180 figure stated by the District Attorney to have been expended by the undercover officers in the investigation of defendant's drug-selling activities which resulted in defendant's conviction. Defendant expressly consented to the amount. In these circumstances, we conclude that County Court did not err in ordering restitution in an amount to which defendant consented *(see, People v Lugo,* 191 AD2d 648). We reach a contrary conclusion as to the 5% surcharge ordered by the court, which is expressly prohibited by Penal Law § 60.27 (9).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law, by deleting so much thereof as imposed a 5% surcharge on the $180 amount of restitution, and, as so modified, affirmed.