■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS DI DONATO, Appellant. [695 NYS2d 145] —Cardona, P. J. Appeal, by permission, from an order of the County Court of Schenectady County (Eidens, J.), entered January 15, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of murder in the second degree (two counts) and burglary in the first degree, without a hearing.

In October 1992, defendant pleaded guilty to burglary in the first degree and two counts of murder in the second degree in full satisfaction of a four-count indictment. As part of the plea, County Court (Feldstein, J.) agreed to place a cap of 20 years on the minimum portion of defendant's indeterminate sentence in lieu of the 25 years provided by statute (*see*, Penal Law § 70.00 [3] [a] [i]). In addition, the court agreed to vacate the plea and sentence in the event the issue concerning the denial of defendant's prior motion for leave to file a late CPL 250.10 notice of intent to present psychiatric evidence was determined to be nonappealable. The District Attorney objected to the plea and commenced a CPLR article 78 proceeding in the nature of prohibition seeking to preclude its acceptance. This Court dismissed the petition and ruled that County Court did not exceed its jurisdiction in accepting the plea notwithstanding the conditions attached (*see*, *Matter of Carney v Feldstein*, 193 AD2d 1016). Following sentencing, defendant appealed and this Court held that by pleading guilty defendant forfeited his right to appeal the denial of his motion to file a late notice of intent pursuant to CPL 250.10 (*see*, *People v Di Donato*, 211 AD2d 842, 843-844, *affd* 87 NY2d 992). In affirming that decision, the Court of Appeals noted that defendant's contention that his plea was not knowing or voluntary must be addressed in a proceeding pursuant to CPL article 440 (*see*, *People v Di Donato*, 87 NY2d 992, 993, *supra*). Thereafter, defendant made the instant motion pursuant to CPL 440.10 to vacate the judgment of conviction upon the ground that his guilty plea was not knowing and voluntary because it was based on a promise by County Court that, if he could not appeal the denial of his CPL 250.10·motion, he could withdraw his plea. County Court denied the motion without a hearing resulting in this appeal.

Initially, it is well settled that "a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (*People v Selikoff*, 35 NY2d 227, 241, *cert denied* 419 US 1122; *see*, *People v Feliciano*, 242 AD2d 787, 788). Our holding in *People v Di Donato* (*supra*) was the trigger for County Court's promise to vacate defendant's plea and sentence, a promise which was not fulfilled. The dispositive issue, therefore, is whether that promise induced defendant to enter the guilty plea in the first instance. Inasmuch as we are unable to conclude from the record before us that the unfulfilled promise was the inducement for the plea, we must remit the matter for a hearing on this issue.

The transcript of the plea proceedings conducted on October 5, 1992 reveals that defendant initially decided to enter a plea

of guilty because his case had been severely hampered by his inability to present a psychiatric defense. At that time, County Court related that it was not making any promises with regard to the sentence and defendant acknowledged that no such promises had been made. Later in the transcript, however, defendant's attorney related that defendant was entering the plea of guilty upon the condition that, if it were later determined that the denial of defendant's motion to serve a late CPL 250.10 notice was not appealable, defendant would be given the opportunity to vacate his plea. When County Court attempted to proceed with the plea allocution, defendant could not recall specific details of the alleged crimes. Following various off-the-record discussions, the case was adjourned.

Plea proceedings were continued on October 7, 1992. At that time, County Court related a "significant modification" to the prior plea agreement, namely, a promise not to sentence defendant to a prison term exceeding 20 years to life. In response to questions from County Court, defendant stated that he was pleading guilty because he had no defense to the prosecution's case, wished to avoid the expense and time of a trial, did not want to undergo the pain and humiliation of a trial, and did not want the sentence to exceed 20 years to life. Following defendant's allocution but prior to County Court's acceptance of the plea, the prosecution noted its opposition to the conditional plea. In response, defendant's attorney stated it was his understanding that the plea was entered in exchange for a cap on the sentence and was conditioned upon defendant's right to appeal the decision on the CPL 250.10 motion which, if found unappealable, would give defendant the opportunity to vacate the plea. County Court concurred with this summary of the plea and accepted it on the record.

The foregoing raises questions of fact concerning defendant's motivation for entering his plea of guilty. The extent to which County Court's unfulfilled promise provided an inducement is not clear from this record. Therefore, the matter must be remitted for a hearing to adduce proof relevant to this issue. Lastly, defendant's argument that he was denied meaningful representation of counsel has not been properly raised and, in any event, is without merit.

Mercure, Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.