■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN B. KEARNEY, Appellant. [910 NYS2d 315]—

Rose, J. Appeal, by permission, from an order of the County Court of Sullivan County (LaBuda, J.), entered September 8, 2009, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of driving while intoxicated, without a hearing.

Previously, we affirmed the judgment convicting defendant of driving while intoxicated (*People v Kearney*, 14 AD3d 938 [2005], *lv denied* 5 NY3d 764 [2005]). While doing so, we held that defendant's challenges to the voluntariness of his plea and the effectiveness of his counsel were unpreserved for our review (*id.* at 938-939). Thereafter, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10, alleging that he received ineffective assistance of counsel and that he did not knowingly, intelligently and voluntarily enter the plea. County Court denied the motion without a hearing on the basis that the issues raised were previously determined in the context of defendant's direct appeal. By permission of this Court, defendant now appeals.

We reverse and remit for a hearing. Preliminarily, contrary to the People's assertion, we do not find that the issues raised here are identical to those raised on defendant's direct appeal or that they involve matters adequately reflected in the appellate record.* Rather, defendant's claims are premised on his failure to receive a certificate of relief from civil disabilities, an express condition of the negotiated plea agreement, which, at the time of our prior decision, remained unresolved. Defendant did not learn that he was ineligible for a certificate of relief until sometime after the judgment was rendered. The record is unclear, however, as to when he learned of his ineligibility.

Turning to the merits, defendant maintains that he would not have entered a guilty plea but for counsel's assurances that he was eligible for a certificate of relief from civil disabilities (*see generally People v McDonald*, 1 NY3d 109, 114-115 [2003]). A review of the plea proceedings lends support to defendant's claims, but, based on the record before us, we are unable to conclude that defendant's expected receipt of such a certificate—or counsel's purported assurances regarding such—induced him to enter the plea. On the day defendant's trial was to begin, County Court suggested that the parties "renegotiate and restructure a plea bargain" because a necessary witness for the People had become unavailable. The proposed plea terms

---

* While an issue raised here was advanced in defendant's pro se brief on direct appeal, we agreed with the People's contention—at that time—that the "claims made by [defendant], in his pro se brief, are outside the record in this matter and should not be considered."

were discussed on the record, whereupon defense counsel stated that, while he would attempt to explain the matter to defendant, it was "not going to be an easy conversation." Three discussions were held outside the record before defendant ultimately entered the plea.

Under these circumstances, questions of fact exist as to defendant's motivation in entering the plea (*see People v Di Donato*, 263 AD2d 677, 678 [1999], *lv denied* 94 NY2d 798 [1999]). Moreover, we cannot agree with the People's argument that defendant's subsequently determined ineligibility for a certificate of relief amounts to a collateral consequence outside the court's control (*see generally People v Ford*, 86 NY2d 397 [1995]). On the contrary, whereas the "collateral consequences" rule is applicable when a defendant is not advised "on all the ramifications of a guilty plea personal to [him or her]" (*id.* at 403), the issue presented here involves information that *was* provided to defendant and upon which he ostensibly based his decision to enter the plea. In fact, during the plea proceedings, County Court specifically informed defendant that "there would be a certificate of relief from civil disabilities so that [he] can continue [his] work as a registered nurse." Both the People and defense counsel made similar statements, and County Court reiterated its promise to defendant at sentencing.

Notwithstanding the foregoing, however, we cannot assume, solely on the basis of defendant's allegations, that defense counsel assured defendant of his eligibility for a certificate of relief, or that such assurances induced him to enter the plea (*see People v Jenkins*, 68 NY2d 896, 898 [1986]). Accordingly, the matter must be remitted for a hearing where proof relevant to the issue can be presented (*see People v Di Donato*, 263 AD2d at 679; *see generally People v Williams*, 72 AD3d 1347, 1348 [2010]). At the hearing, proof should also be developed as to how and when defendant learned that he was ineligible for a certificate of relief.

Cardona, P.J., Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.