■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DEYO, Appellant. [922 NYS2d 569]—

McCarthy, J.

Defendant was indicted on one count of assault in the first degree based on allegations that, during a fight, he and James Pine acted in concert with one another and caused serious physical injuries to the victim. Those injuries ultimately resulted in the victim's death.[1] Defendant pleaded guilty to the indictment, without any plea agreement, and was sentenced to eight years in prison, followed by five years of postrelease supervision. He appeals.

Thereafter, defendant moved, pursuant to CPL 440.10, to vacate his conviction and withdraw his plea, alleging that he was deprived of the effective assistance of counsel. County Court denied that motion without a hearing. By permission of this Court, defendant also appeals from the order denying his motion.

Addressing defendant's direct appeal, he entered his plea knowingly, voluntarily and intelligently. The factual recitation of the plea was sufficient to establish defendant's commission of the crime (see People v Campbell, 66 AD3d 1059, 1060 [2009]; see also People v Lopez, 71 NY2d 662, 666 n 2 [1988]), and defendant did not make any statements during the allocution that were inconsistent with his guilt (see People v Lopez, 74 AD3d 1498, 1499 [2010]). County Court did not explain the meaning of legal terms, such as acting in concert, but the court did advise defendant to speak up if he had questions or did not understand something during the proceeding. Defendant never asked for clarification. Additionally, the court asked defendant whether he had discussed the plea with counsel, was satisfied with counsel, knew his rights, understood the plea, and was pleading guilty because he wanted to, not because he was forced or was afraid

---

1. Pine was separately convicted of manslaughter in the first degree and assault in the first degree. His conviction is the subject of a separate appeal before this Court.

of anything. Nothing in the record at the time of the plea discloses that his plea was unknowing or involuntary, or that it was rendered so due to counsel's representation (*see People v Shovah*, 67 AD3d 1257, 1258 [2009], *lv denied* 14 NY3d 773 [2010]). Accordingly, we affirm the judgment of conviction.

Turning to defendant's CPL 440.10 motion, we find that he was entitled to a hearing to address certain of his allegations. Defendant alleges that counsel did not adequately engage in plea negotiations. A letter from counsel provided defendant with three options: accept a plea offer from the People in exchange for a 10-year sentence, plead guilty to the indictment with no sentencing recommendation, or proceed to trial. This is the only written proof of any plea negotiations. Defendant declined the 10-year plea deal and desired a trial, but alleges that he ultimately pleaded guilty because counsel informed him that there was no way to win at trial. After the plea was entered, counsel arranged for defendant to cooperate with the People and testify against Pine, but no formal cooperation agreement was executed. Defendant avers that counsel told him that the People would recommend a five-year sentence in exchange for his testimony, but that the People did not want that agreement in writing because it would have to be disclosed to Pine's lawyer. Defendant and his father aver that they believed, after meeting with prosecutors, that the People would recommend the minimum sentence after Pine's trial.

At oral argument on the motion, the District Attorney stated that he believed counsel's letter misstated the plea offer, with his recollection being that the offer of a 10-year sentencing recommendation was conditioned on defendant cooperating against Pine. He implied that counsel did not further negotiate because no better offer would have been forthcoming.[2] The District Attorney never specifically responded to the allegations regarding whether he offered, post-plea, to recommend a five-year sentence in exchange for defendant's cooperation, or that his office would not put a cooperation agreement in writing. There is no response to defendant's allegations that counsel misinformed him of the plea offer. The circumstances raise questions as to whether counsel adequately engaged in negotiations, both pre- and post-plea, regarding the People's sentencing recommendation, whether defendant was correctly informed of the initial plea offer and whether he was accurately advised of the benefit (if any) he would receive from his cooperation against Pine, so that he could render knowing decisions about whether to enter a plea without a plea bargain and whether to cooperate.

---

2. Defendant's trial counsel did not tender an affidavit in response to defendant's CPL 440.10 motion.

Defendant also raised factual questions regarding whether counsel conducted an adequate investigation into, or was aware of, the relevant facts when advising defendant. Counsel's file did not contain some of defendant's statements to the police or copies of statements from several witnesses who arrived on the scene shortly after the incident. The investigator from counsel's office left few notes in the file, and those notes did not reveal that much of an investigation had been conducted. Defendant avers that he provided information to that investigator, but those leads were apparently not pursued. Defendant also avers that counsel never discussed the facts of the case with him. He alleges that counsel provided advice based upon an incomplete picture of the situation, due mainly to counsel's failure to investigate or even talk with him about his version of what happened, but that defendant assumed counsel had conducted an investigation and was knowledgeable about the facts of his case when advising him. Based upon the allegations in defendant's motion, counsel's advice—mainly that defendant not testify before the grand jury and that he plead guilty—may have amounted to less than meaningful representation because it is unclear whether counsel was prepared to provide such advice.

Counsel stated during the plea proceeding that defendant wished to plead guilty to the indictment and "wants [counsel] to devote [his] professional energy to the preparation of a sentencing memorandum for the Court's consideration, and he wants [counsel] to devote [his] offices' resources to investigating all factors involving him" and his life circumstances. Initially, defendant avers that counsel made that statement without consulting him, and they never discussed a sentencing memorandum. According to the file kept by counsel and defendant's affidavit, in the seven months between the plea and sentencing, counsel only met with defendant at the District Attorney's office regarding cooperation in the Pine case. There is no indication that counsel or his investigator ever met with defendant to discuss sentencing or the information necessary to draft a sentencing memorandum. In fact, no sentencing memorandum was ever prepared. Counsel did send correspondence to defendant requesting that he obtain letters from family members and individuals from the community attesting to his character. Those letters were submitted to County Court less than two weeks prior to sentencing, without an explanation from counsel as to the content or authors of the letters. Counsel did not mention the letters at sentencing, other than responding to County Court's question about whether they should be attached to the presentence investigation report. The People blame counsel's conduct on defendant's slow response in sup-

plying the letters, but there is no information in the record to support that implication, other than counsel's repeated requests for the letters. It is unclear if counsel was unable to supply a sentencing memorandum due to defendant's inaction, ever unsuccessfully attempted to meet with defendant, decided that a memorandum was unnecessary or simply did not fulfill his promise to the court and defendant that he would submit a memorandum.

Although many of the arguments or alleged failures of counsel raised in the motion are not sufficient to require a hearing and can be dismissed outright, the issues set forth above were adequately raised. These fact-based issues cannot be determined on the motion papers and should be addressed at a hearing. Hence, we remit for a hearing where proof can be presented on these issues (*see People v Kearney*, 78 AD3d 1329, 1331 [2010]).

Spain, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Greene County for further proceedings not inconsistent with this Court's decision.