(October 27, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THIERNO M. DIALLO, Appellant. [931 NYS2d 444]—

Stein, J.

Defendant was charged in two indictments with criminal possession of a controlled substance in the third degree (three counts) and criminal sale of a controlled substance in the third degree. In October 2008, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree in satisfaction of both indictments and executed a written waiver of appeal. In accordance with the plea agreement, County Court then sentenced defendant to three years in prison followed by two years of postrelease supervision and further ordered him to pay $200 in restitution. Defendant now appeals.

Defendant's primary contention on this appeal—which would survive a valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Stokely*, 49 AD3d 966, 968 [2008])—is that his plea was involuntary based upon the failure

of County Court and his trial counsel to advise him on the record of the immigration consequences of his conviction. It is now established that the failure of counsel to advise a defendant of the possibility of deportation as a result of his or her plea constitutes the ineffective assistance of counsel (*see Padilla v Kentucky*, 559 US —, —, 130 S Ct 1473, 1486 [2010]). Nonetheless, inasmuch as defendant limits his argument to the failure of the court and his attorney to advise him *on the record* of potential immigration consequences, *Padilla* does not specify that attorneys must do so (*id.* at 1486). Moreover, while defendant correctly asserts that CPL 220.50 (7) requires the court to advise a defendant on the record, before accepting a plea of guilty, that such plea might result in deportation, the statute explicitly provides that the failure to so advise a defendant does not affect the voluntariness of the plea or the validity of the conviction (*see* CPL 220.50 [7]).

Defendant's challenge to the amount of restitution he was directed to pay also survives even a valid waiver of appeal where, as here, "the plea agreement did not specify the amount of restitution to be awarded" (*People v Empey*, 73 AD3d 1387, 1388 [2010], *lv denied* 15 NY3d 804 [2010]; *see People v Thomas*, 71 AD3d 1231, 1232 [2010], *lv denied* 14 NY3d 893 [2010]). In the instant matter, defendant agreed to pay restitution at the time of his plea allocution, but did not agree to a specific amount, nor was the method of determining the amount discussed. The presentence investigation report prepared by the Probation Department contains a victim impact statement from the Clinton County District Attorney/Adirondack Drug Task Force seeking recovery of $200 for two controlled buys ($100 each) on the same date. At the sentencing hearing, defendant objected to the $200 total because he had been charged with only one criminal sale of a controlled substance count. He therefore argued that he should only be required to pay restitution of $100.

Defendant never contested the accuracy of the claimed expenditure of $100 per controlled buy and never requested that County Court conduct a hearing, despite being advised by the court that he was entitled to such a hearing. Inasmuch as the only issue raised by defendant regarding restitution was a purely legal one, a hearing was not required (*compare People v Consalvo*, 89 NY2d 140, 145-146 [1996]; *People v Stevens*, 80 AD3d 791, 792-793 [2011], *lv denied* 16 NY3d 900 [2011]). Similarly, because defendant never challenged the accuracy of the restitution amount sought, we reject his contention—raised for the first time on appeal—that the law enforcement agency's

failure to submit an affidavit supporting its restitution request pursuant to Penal Law § 60.27 (9) requires that the award be vacated (*see People v Perez*, 203 AD2d 665, 667 [1994], *lv denied* 83 NY2d 970 [1994]). Under these circumstances, we discern no abuse of County Court's discretion in ordering restitution without a hearing (*see generally People v Periard*, 15 AD3d 693, 694 [2005]).

As to the merits of the award, a trial court "may require restitution or reparation as part of the sentence imposed upon a person convicted of an offense" (Penal Law § 60.27 [1]). An offense is defined as including "the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense" (Penal Law § 60.27 [4] [a]). Specifically, a defendant convicted of a "felony involving the sale of a controlled substance" may be ordered to repay a law enforcement agency "the amount of funds expended in the actual purchase" of a controlled substance (Penal Law § 60.27 [9]). Here, even though defendant was charged with only one count of criminal sale of a controlled substance, the two controlled buys in question were part of the same criminal transaction and were related to the possession charges in the indictment. Thus, County Court did not err in ordering defendant to pay restitution for the buy money used in both controlled buys (*see People v Perez*, 203 AD2d at 667). On the other hand, County Court may not impose a surcharge when restitution is to be paid to a law enforcement agency (*see* Penal Law § 60.27 [9]). Thus, the 10% surcharge imposed here must be vacated (*see People v Williams*, 272 AD2d 990 [2000]; *People v Perez*, 203 AD2d at 667).

Defendant's remaining contentions have been considered and found to be without merit.

Peters, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by vacating so much thereof as directed defendant to pay a 10% surcharge on the restitution to the Clinton County District Attorney/Adirondack Drug Task Force, and, as so modified, affirmed.