[976 NYS2d 732]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THIERNO M. DIALLO, Appellant.

Third Department, December 19, 2013

## APPEARANCES OF COUNSEL

*R. Graham McNamara*, Glenville, for appellant.

*Andrew J. Wylie, District Attorney*, Plattsburgh (*Timothy Blatchley* of counsel), for respondent.

## OPINION OF THE COURT

SPAIN, J.

In October 2008, defendant pleaded guilty to criminal possession of a controlled substance in the third degree in satisfaction of two indictments and waived his right to appeal. On direct appeal, this Court affirmed, rejecting, among other arguments, defendant's limited claim that his plea was involuntary based upon the failure of County Court and his trial counsel to advise him on the record that deportation was a possible consequence of his conviction (88 AD3d 1152 [2011], *lv denied* 18 NY3d 993 [2012]). Applying *Padilla v Kentucky* (559 US 356 [2010]), we concluded that while "the failure of counsel to advise a defendant of the possibility of deportation as a result of his or her plea constitutes the ineffective assistance of counsel," *Padilla* did not require—as defendant narrowly argued—that the advisement occur *on the record* (88 AD3d at 1153). While his direct appeal was pending, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h), contending that he was denied the right to the effective assistance of counsel. County Court denied the motion without a hearing on the basis

that the direct appeal was pending. By permission of this Court, defendant now appeals.[1]

█ Initially, defendant's CPL 440.10 motion presents an issue not raised or raisable on direct appeal, namely, that he was denied the effective assistance of counsel based upon the affirmative misstatements of counsel with regard to the potential or mandatory deportation consequences of his plea to a drug possession count rather than to a sale count (*see People v McDonald*, 1 NY3d 109, 114 [2003]; *see also People v Glasgow*, 95 AD3d 1367, 1367-1369 [2012], *lv denied* 20 NY3d 1061 [2013]; *People v Reynoso*, 88 AD3d 1162, 1163 [2011]).[2] Moreover, defendant's motion established that the record on his direct appeal was not sufficient to permit adequate review of the issues surrounding defendant's right to counsel claim and that the facts surrounding this claim need to be further developed (*see* CPL 440.10 [2] [b]).[3] As such, County Court incorrectly denied the motion based upon the pending appeal (*see* CPL 440.10 [2] [b]; *People v Kearney*, 78 AD3d 1329, 1330-1331 [2010], *lv denied* 4 NY3d 854 [2005]; *cf. People v Kindred*, 100 AD3d 1038, 1041 [2012], *lv denied* 21 NY3d 913 [2013]; *People v Griffin*, 115 AD2d 902, 904 [1985], *lv denied* 67 NY2d 884 [1986]).

---

**1.** While this collateral appeal was pending, the New York Court of Appeals held that a trial court is required, as a matter of due process, to advise all defendants "on the record" that, if they are not United States citizens, "their felony guilty pleas may expose them to deportation" (*People v Peque*, 22 NY3d 168, 195-196 [2013]).

**2.** In *Chaidez v United States* (568 US —, —, 133 S Ct 1103, 1106-1113 [2013]), the United States Supreme Court held that the rule stated in *Padilla* (decided in 2010) does not apply retroactively to persons whose convictions became final before *Padilla* was decided. Although defendant's conviction here did not become final until 2012, well after *Padilla*, it is not clear if *Padilla* applies to defendant's collateral attack in 2011 made while his direct appeal was pending. In any event,

> "[w]e need not decide whether *Padilla* is to be applied retroactively to defendant's collateral attack premised upon counsel's alleged affirmative misadvice [because] [a]t the time of defendant's [2008] plea, the New York Court of Appeals had established that counsel's affirmative misrepresentation to a noncitizen regarding the deportation consequences of a contemplated guilty plea constituted deficient performance as required to establish the first prong of an ineffective assistance of counsel claim" (*People v Glasgow*, 95 AD3d at 1368 n 2 [citations omitted]).

**3.** While the potential deportation consequences were noted in the presentence report and at sentencing, the record on defendant's direct appeal was devoid of information regarding counsel's advice or misadvice to defendant in that regard. Defendant avers in his affidavit in support of his CPL 440.10 motion that he did not have an opportunity to read that report prior to sentencing.

■ Defendant's motion to vacate sufficiently raises a question as to whether trial counsel provided him with affirmative misinformation regarding the deportation consequences of his guilty plea and adequately alleges facts that, if credited, show a reasonable probability that, but for counsel's erroneous assurances in this regard, defendant would have insisted on going to trial (*see Hill v Lockhart*, 474 US 52, 59 [1985]; *People v Hernandez*, 22 NY3d 972, 976 [2013]). Accordingly, defendant is entitled to a hearing on the issues raised in his CPL 440.10 (1) (h) motion and the order must, therefore, be reversed (*see People v McDonald*, 1 NY3d at 114; *People v Glasgow*, 95 AD3d at 1368-1369; *People v Deyo*, 82 AD3d 1503, 1504-1505 [2011], *lv denied* 17 NY3d 815 [2011]; *People v Kearney*, 78 AD3d at 1330-1331; *People v Williams*, 72 AD3d 1347, 1348 [2010]).

STEIN, J.P., McCARTHY and EGAN JR., JJ., concur.

Ordered that the order is reversed, on the law, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.