◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN CRUZ, Appellant. [57 NYS3d 753]—

Devine, J. Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered January 15, 2015, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree and assault in the second degree, and (2) by permission, from an order of said court, entered January 19, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

The victim was on Lark Street in the City of Albany in the early morning hours of August 11, 2013 and, while his friends were in a nearby pizzeria, he removed his wallet from his back pocket and placed it on a stoop where he sat to smoke a cigarette. Defendant, a passerby, bummed a cigarette off of the victim and sat down next to him. The two men chatted for a few minutes and, when defendant got up to leave, the victim realized that his wallet was missing. The victim then engaged in a brief verbal exchange with defendant, at the end of which defendant produced a box cutter from his pocket and slashed

the victim in the face. Defendant was quickly apprehended by police officers, and a search of the area where he was stopped recovered a box cutter and the victim's wallet.

Defendant was thereafter charged in an indictment with robbery in the first degree, robbery in the second degree and assault in the second degree, and was convicted as charged following a jury trial. County Court sentenced defendant to an aggregate prison term of 17 years to be followed by postrelease supervision of five years, and later denied his CPL 440.10 motion to vacate the judgment of conviction without a hearing. Defendant now appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.

Defendant argues that the conviction was not supported by legally sufficient evidence, but neither his general motion for a trial order of dismissal (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 20 [1995]) nor his presentence motion to set aside the verdict (*see People v Jones*, 79 AD3d 1244, 1246 [2010], *lv denied* 16 NY3d 832 [2011]) preserved that issue for our review. We will nevertheless evaluate whether the elements of the charged crimes were proven beyond a reasonable doubt upon our weight of the evidence review where, if "a different verdict would not have been unreasonable, we weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Scippio*, 144 AD3d 1184, 1185 [2016] [internal quotation marks and citations omitted], *lv denied* 28 NY3d 1150 [2017]; *see People v Kancharla*, 23 NY3d 294, 302-303 [2014]).

Here, the victim testified to his account of the incident as well as the injuries he sustained when trying to retrieve the wallet from defendant, and the officers involved related how they apprehended defendant and found the victim's wallet and a box cutter in the same area. Defendant denied stealing the wallet in his testimony and stated that he only slashed the victim after being confronted in a threatening manner about the alleged theft. Assuming without deciding that a different verdict was a reasonable possibility, the jury rejected defendant's account and found that he had indeed stolen the wallet and injured the victim with a box cutter in an effort to retain it. According "great deference" to that credibility determination, we find that the verdict was supported by the weight of the evidence (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Wilkerson*, 140 AD3d 1297, 1301-1303 [2016], *lv denied* 28 NY3d 938 [2016]; *People v Murphy*, 66 AD3d 1234, 1235-1236 [2009]).

Contrary to defendant's further contention, his conviction for assault in the second degree (*see* Penal Law § 120.05 [2]) need not be dismissed as an inclusory concurrent count of his conviction for either robbery in the first degree (*see* Penal Law § 160.15 [3]) or robbery in the second degree (*see* Penal Law § 160.10 [2] [a]). A crime cannot be a lesser included offense of a greater one unless, when assessing the elements of the two crimes, it is "theoretically impossible to commit the greater crime without at the same time committing the lesser" (*People v Green*, 56 NY2d 427, 430 [1982]; *see* CPL 1.20 [37]). It is indeed "theoretically possible to use or threaten the immediate use of a dangerous instrument without also causing physical injury" so as to commit robbery in the first degree but not assault in the second degree (*People v Solomon*, 141 AD2d 579, 580 [1988], *lv denied* 72 NY2d 913 [1988]). Moreover, unlike a charge of assault in the second degree premised upon the attack occurring in the course of another felony (*see* Penal Law § 120.05 [6]; *People v Perez*, 93 AD3d 1032, 1039 [2012], *lv denied* 19 NY3d 1000 [2012]), "it is theoretically possible to have committed all of the elements of robbery as set forth in Penal Law § 160.10 (2) (a) without using a dangerous instrument [or deadly weapon], and thus without committing assault in the second degree as set forth in Penal Law § 120.05 (2)" (*People v Miller*, 189 AD2d 1001, 1002 [1993], *lv denied* 81 NY2d 889 [1993]).

Defendant's assertion that the People withheld a recording of a police interview with a man accompanying him at the time of the incident finds no "support in the record, and his speculation that such evidence exists is insufficient to establish a *Brady* violation" (*People v Chaplin*, 134 AD3d 1148, 1152 [2015], *lv denied* 27 NY3d 1067 [2016]; *People v Parkinson*, 268 AD2d 792, 793 [2000], *lv denied* 95 NY2d 801 [2000]). Further, defendant's reliance upon the disparity between the aggregate sentence imposed at trial and the sentences offered during plea negotiations, without more, does not demonstrate that he was punished for going to trial so as to warrant a reduction in that sentence (*see People v Cochran*, 140 AD3d 1198, 1201 [2016], *lv denied* 28 NY3d 970 [2016]; *People v Acevedo*, 118 AD3d 1103, 1108 [2014], *lv denied* 26 NY3d 925 [2015]). The remaining arguments advanced on defendant's direct appeal, including his claim that the record demonstrates that he received the ineffective assistance of counsel, have been reviewed and are unpersuasive.

Turning to the appeal from the denial of defendant's CPL article 440 motion, while most of the arguments made in that

motion were properly rejected by County Court on the papers, we agree with defendant that he alleged certain "non-record facts" that "are material and, if established, . . . would entitle him to relief" so as to warrant a hearing (*People v Mosley*, 121 AD3d 1169, 1174 [2014], *lv denied* 24 NY3d 1086 [2014]; *see People v Satterfield*, 66 NY2d 796, 799 [1985]). Defendant, in particular, averred that defense counsel rendered ineffective assistance by failing to engage in needed discovery related to his claim that he did not take the victim's wallet. The trial evidence established that the incident occurred in an area surrounded by businesses with security cameras installed and that defense counsel was aware of this fact. Defense counsel, according to defendant, did not investigate whether those security cameras captured the incident on video prior to trial and did not obtain the footage to determine whether it undercut the victim's claim that defendant had robbed him. Defendant further noted that he was with another man when the incident occurred and alleged that defense counsel failed to interview that individual to learn whether his testimony would be helpful to the defense. If defense counsel failed without reason to investigate known proof that had the potential to corroborate defendant's account of events, it "may have amounted to less than meaningful representation" (*People v Deyo*, 82 AD3d 1503, 1505 [2011], *lv denied* 17 NY3d 815 [2011]; *see e.g. Matter of John JJ.*, 298 AD2d 634, 636 [2002]). Inasmuch as those questions "cannot be determined on the motion papers[,] . . . we remit for a hearing where proof can be presented on" them (*People v Deyo*, 82 AD3d at 1506).

McCarthy, J.P., Garry, Egan Jr. and Clark, JJ., concur. Ordered that the judgment is affirmed.

Ordered that the order is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.