■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS LEE ENRIGHT, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court at Trial Term (Smyk, J.), rendered May 1, 1984 in Tioga County, upon a verdict convicting defendant of the crime of robbery in the second degree.

On September 17, 1979, defendant allegedly robbed a small store in the Town of Candor, Tioga County. At the time of the alleged crime, he wore a mask and carried a shotgun. Defendant later admitted the crime to his sister in a conversation which was overheard by his mother. Both his sister and mother testified about this incriminating conversation at defendant's trial. Also at trial, defendant's grandfather testified that on the day the crime was committed, defendant borrowed a shotgun from him. Defendant was found guilty of robbery in the second degree. This appeal ensued.

Defendant contends that the statements made to his sister were involuntary and untrustworthy since they were made while he was consuming alcoholic beverages. Initially, it is noteworthy that defendant failed to object to the introduction of this evidence. Hence, the issue was not properly preserved for appellate review (see, People v Brooks, 105 AD2d 977, 979). Even if defendant's argument is considered, it is meritless for the following reasons.

Self-induced intoxication does not render a confession inadmissible unless " 'the accused was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements' " (People v Schompert, 19 NY2d 300, 305, cert denied 389 US 874, quoting Intoxication of Accused at Time of Confession as Affecting its Admissibility, Ann., 69 ALR2d 361, 362; accord, People v Durante, 48 AD2d 962, 963). In cases of confessions occurring while in a state of self-induced inebriation, a key issue is the trustworthiness of the statements (People v Schompert, supra, p 306). Here, there is no evidence from which it can be inferred that defendant had reached a level of intoxication which would render his statements untrustworthy. Furthermore, other evidence produced at trial confirms the reliability of defendant's confession. For example, defendant's grandfather testified that entries in his diary showed that defendant borrowed a shotgun from him on the day the crime was committed, and defendant fit the description given by the victim of the physical characteristics of the perpetrator of the crime. Hence, the statements were admissible and defendant's conviction must be affirmed.

Judgment affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.