■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE B. HAWKINS, Appellant. [707 NYS2d 257] —Crew III, J. P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 18, 1998, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

In August 1997, defendant was indicted and charged with the crime of criminal sale of a controlled substance in the third degree in connection with a sale of narcotics to an undercover police officer in the City of Binghamton, Broome County. In January 1998, defendant's attorney advised County Court that defendant was prepared to withdraw his plea of not guilty and,

instead, plead guilty to criminal sale of a controlled substance in the fifth degree in accordance with a plea agreement that provided that defendant would be sentenced, as a second felony offender, to 3½ to 7 years, with such sentence to be served as a parole supervision sentence at the Willard Drug Rehabilitation Center. In allocuting as to the factual basis for the plea, defendant stated that he was approached by an individual (the undercover officer) and asked if he had any drugs. Defendant replied that he had none, but that one David McCrone, who was present at the time, did. Defendant then took money from the undercover officer, gave it to McCrone and McCrone, in turn, gave drugs to the undercover officer. Concerned that defendant had not demonstrated criminal complicity in the crime, County Court rejected defendant's plea and adjourned the matter for trial.

Five days later, defendant again appeared before County Court, at which time his assigned counsel again advised the court that defendant was prepared to plead guilty in accordance with the plea agreement. After advising defendant of the various rights he would be waiving as the result of a plea, County Court again asked defendant to recite the factual occurrence on the day in question, and defendant related essentially the same facts as given on his previous appearance. This time, however, County Court asked defendant, "[a]nd you and [McCrone] were partners in this, is that what it amounts to", and defendant responded, "Yeah. Yeah", whereupon County Court accepted the plea.

Following his plea and prior to sentencing, defendant made a *pro se* motion to withdraw his plea on the ground that assigned counsel had not advised him as to a potential agency defense. His then attorney wrote to County Court citing a conflict of interest and requesting to be relieved. County Court then relieved counsel and assigned another attorney, who made a written application for permission for defendant to withdraw his plea on the same ground as cited by defendant. County Court, noting that it had, in fact, advised defendant of the agency defense, denied both applications and, following sentencing, this appeal ensued.

Recognizing that upon a plea to a lesser charge than that contained in the indictment a defendant waives the right to challenge the factual basis for such plea (*see, e.g., People v Pelchat*, 62 NY2d 97, 108), we nonetheless are of the view that, in the circumstances here, County Court abused its discretion in not ordering a hearing prior to making a determination of the motions. Rather than challenging the factual basis of the plea,

defendant essentially is asserting that he was not made aware of the various alternatives to a plea of guilty—specifically, that he possessed a colorably viable defense of agency and, had he been made aware of such fact, he would not have pleaded guilty. As such, defendant actually is claiming that his plea was not knowingly and intelligently entered into. Of particular note here is what County Court actually said to defendant during the plea allocution—namely, that in pleading guilty defendant would "give up the right [defendant] otherwise would have to offer *any* defense, whatsoever, that [defendant] may have to [the] charge" (emphasis supplied). Quite clearly, this is not the same as apprising defendant of the significance of his factual allocution as it might bear upon an agency defense.*

We are aware, as urged upon us by the People, that it is only on rare occasions that a hearing should or will be granted upon a motion to withdraw a plea (*see, e.g., People v Davis*, 250 AD2d 939). It seems to us, however, that this is just such an occasion. Here, County Court was aware at the first allocution that defendant's version of the transaction cast doubt on his guilt. The court thereafter was in receipt of a sworn statement that defendant never was advised of the potential defense of agency. Additionally, the court was in receipt of a letter from defendant's then assigned counsel asking to be relieved, in which counsel acknowledged but failed to refute defendant's assertion that she neglected to advise defendant of or discuss the agency defense with him. Coupled with that, County Court was in possession of the minutes of the transcript of McCrone's plea allocution, wherein he asserted that defendant gained nothing whatsoever from the transaction that forms the gravamen of the indictment. Accordingly, under the particular circumstances of this case, we believe County Court abused its discretion in not conducting an evidentiary hearing to explore the sworn testimony of, at least, defendant and his initial assigned counsel prior to making a determination on the subject motions. This matter is therefore remitted to County Court for such a hearing.

Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.

---

* We do not mean to suggest that in the course of a plea allocution, a court has the obligation to advise a defendant of any particular defenses he or she may have in the case at hand. The problem here is that County Court perceived that it had done so and appears to have grounded its decision to deny the withdrawal application on that basis.