■ The People of the State of New York, Respondent, v William L. Coss, Appellant. [798 NYS2d 170]—

Mugglin, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered March 11, 2003, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

Pursuant to a plea agreement, defendant pleaded guilty to the crime of rape in the third degree. Following an unsuccessful oral motion to withdraw his guilty plea, defendant was sentenced as a second felony offender to a prison term of 2 to 4 years in accordance with the agreement. Defendant's appeal was held in abeyance and new counsel assigned after this Court determined that there were nonfrivolous appealable issues to be raised (9 AD3d 741 [2004]). We now affirm.

Defendant claims that his plea was not voluntarily, knowingly and intelligently entered since he was not informed that he would be subject to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) upon his release from incarceration. However, inasmuch as SORA is not intended to effect punishment but, rather, to protect communities from the danger posed by sex offenders, the failure to advise a defendant that he would be required to register as a sex offender does not undermine the voluntariness of his plea (*see People v Stevens*, 91 NY2d 270, 275-276 [1998]; *People v Keebler*, 15 AD3d 724, 726 [2005], *lv denied* 4 NY3d 854 [2005]; *People v Clark*, 261 AD2d 97, 100 [2000], *lv denied* 95 NY2d 833 [2000]).

Nor are we persuaded that County Court abused its discretion in denying defendant's motion to withdraw his guilty plea without a hearing. "Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or

mistake in its inducement" (*People v Davis*, 250 AD2d 939, 940 [1998] [citations omitted]; *see People v Zakrzewski*, 7 AD3d 881, 881-882 [2004]; *People v Lane*, 1 AD3d 801, 802-803 [2003], *lv denied* 2 NY3d 742 [2004]). Here, defendant did not claim innocence during the plea colloquy but, rather, unequivocally admitted the charged conduct. Moreover, County Court apprised defendant of the rights he was foregoing and other consequences of his guilty plea, elicited that defendant was not being coerced or threatened and understood and agreed to the plea terms in full. Under these circumstances, we are satisfied that defendant's guilty plea was voluntary, knowing and intelligent (*see People v Kron*, 8 AD3d 908, 908 [2004], *lv denied* 3 NY3d 708 [2004]; *People v Williams*, 6 AD3d 746, 747-748 [2004], *lv denied* 3 NY3d 650 [2004]).

Next, inasmuch as defense counsel negotiated " 'an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Wright*, 295 AD2d 806, 807 [2002], quoting *People v Ford*, 86 NY2d 397, 404 [1995]), we are unpersuaded that defendant was denied meaningful representation (*see People v Lewis*, 13 AD3d 810, 811 [2004]; *People v Washington*, 3 AD3d 741, 743 [2004], *lv denied* 2 NY3d 747 [2004]). We have considered defendant's remaining arguments and find them to be without merit.

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.