■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTHA E. HAMLIN, Appellant. [800 NYS2d 255]—

Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 13, 2004, upon a verdict convicting defendant of the crime of driving while intoxicated and the traffic infraction of driving while ability impaired.

The primary issue before us concerns defendant's one-year prison sentence upon her conviction of statutory driving while intoxicated, a misdemeanor. The conviction arose from an incident in which a pedestrian died after being struck by a vehicle operated by defendant and was based upon uncontradicted proof at trial that defendant had a .13% blood alcohol content at the time of the accident. Defendant asserts that her sentence should be reduced, arguing that because the jury acquitted her on a count of criminally negligent homicide, the fact that she caused a death should have been eliminated from sentencing consideration. She further argues that County Court failed to take into account her youth, lack of criminal history and expression of remorse. We disagree with her contentions.

A sentence that falls within the permissible statutory range will not be disturbed by this Court absent an abuse of discretion by the sentencing court or extraordinary circumstances war-

ranting modification in the interest of justice (*see People v Hanrahan*, 9 AD3d 689 [2004]; *People v Calkins*, 6 AD3d 744, 746 [2004], *lv denied* 3 NY3d 671 [2004]). Manifestly, a sentencing court must consider all circumstances relating to the crime and the defendant when imposing a sentence following conviction (*see generally* Penal Law § 65.00 [1] [a]). Accordingly, defendant's acquittal on the homicide charge did not require County Court to overlook the fact that the circumstances of defendant's crime included a death. Moreover, defendant has failed to show extraordinary circumstances warranting a reduction of County Court's sentence in the interest of justice. Simply stated, defendant drank several beers and made an egregious error in judgment by choosing to drive after doing so, and a young man's life was tragically extinguished. Because we conclude that the lawful one-year sentence for driving while intoxicated was not harsh or excessive (*see People v Abel*, 166 AD2d 841, 842 [1990], *lv denied* 76 NY2d 983 [1990]; *People v Hilker*, 133 AD2d 986, 988 [1987], *lv denied* 70 NY2d 875 [1987]), we affirm the judgment of conviction. Defendant's remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Rensselaer County for further proceedings pursuant to CPL 460.50 (5).