■ The People of the State of New York, Respondent, v Terry J. Paige, Jr., Appellant. [804 NYS2d 699]—

Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered August 9, 2004, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant was charged in a three-count indictment that involved two separate incidents occurring in August 2003 in the City of Elmira, Chemung County. The first count charged rob-

bery in the first degree based upon his alleged robbing of a store while wielding a sawed-off shotgun. The second and third counts, charging attempted robbery in the first degree and attempted robbery in the second degree, respectively, stemmed from his effort to take money from a bar while armed with a knife. He initially pleaded guilty to the second count, but was permitted to withdraw that plea prior to sentencing. Thereafter, a deal was negotiated whereby he pleaded guilty to robbery in the second degree (as a reduced charge of the first count of the indictment) and received a sentence of eight years incarceration with five years of postrelease supervision. Defendant appeals.

Defendant argues that the plea allocution was insufficient to establish that he committed the crime to which he pleaded guilty. This issue was not properly preserved by a motion to withdraw the plea or vacate the judgment of conviction (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Mejias,* 293 AD2d 819, 819 [2002], *lv denied* 98 NY2d 699 [2002]), and it does not qualify for the " 'rare case' exception" to the preservation doctrine (*People v Toxey,* 86 NY2d 725, 726 [1995], quoting *People v Lopez, supra* at 666). In any event, review of the plea allocution reveals that, although defendant initially made some ambiguous statements regarding one element of the crime, after he was placed under oath following a recess, he then acknowledged conduct constituting each element of the crime.

We are unpersuaded by the further argument that he was improperly sentenced as a second felony offender. The People provided a predicate felony statement and, at sentencing, County Court referred to such document (*cf. People v Pierre,* 8 AD3d 904, 906-907 [2004], *lv denied* 3 NY3d 710 [2004] [remitting for resentencing where the People conceded they had not filed a predicate felony statement]). County Court informed defendant, who was represented by counsel, about the prior felony conviction and defendant unequivocally admitted the conviction. Review of the record reveals substantial compliance with CPL 400.21 (*see People v Goodings,* 277 AD2d 725, 725 [2000], *lv denied* 96 NY2d 735 [2001]; *People v Perez,* 268 AD2d 688, 688 [2000]; *People v Polanco,* 232 AD2d 674, 674 [1996]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.