■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARISTELLE THOMAS, Appellant. [806 NYS2d 800]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 1, 2003 in Albany County, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

Defendant pleaded guilty to the violent felony of assault in the first degree in full satisfaction of a six-count indictment and was sentenced as a second felony offender to a prison term of 17 years with five years of postrelease supervision. Prior to sentencing, defendant sought to withdraw his plea, claiming that despite being innocent, he was pressured to enter his plea by the "whole court system." Following a hearing, the motion

---

was denied. Defendant now appeals from the judgment of conviction. Defendant's appellate counsel argues either that defendant should be allowed to withdraw his plea of guilty or, in the alternative, that his sentence was harsh and excessive. Defendant, in his pro se supplemental brief, argues that both his prior attorney and his last attorney were ineffective and that Supreme Court erred by finding him to be a second felony offender.

Whether to allow a defendant to withdraw his guilty plea is a matter committed to the discretion of the trial court (*see People v Zakrzewski*, 7 AD3d 881, 881 [2004]). " 'Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement' " (*People v Coss*, 19 AD3d 943, 943-944 [2005], *lv denied* 5 NY3d 805 [2005], quoting *People v Davis*, 250 AD2d 939, 940 [1998]). Furthermore, " '[w]here a defendant has been fully informed of the rights he is waiving by pleading guilty and proceeds to admit the acts constituting the crime, a subsequent protestation of innocence which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea' " (*People v Davis, supra* at 940, quoting *People v Paulk*, 142 AD2d 754, 754 [1988], *lv dismissed* 72 NY2d 960 [1988]).

Prior to entry of his plea, defendant engaged in a colloquy with Supreme Court in which he freely and voluntarily admitted the facts underlying the crime to which he intended to plead guilty, acknowledged and waived his constitutional rights, and acknowledged his complete satisfaction with his present attorney, although he expressed some dissatisfaction with his prior attorney. Under these circumstances, we discern no abuse of Supreme Court's discretion in denying defendant's motion to withdraw his guilty plea, particularly in view of defendant's failure to point to any evidentiary support for his protestation of innocence.

Next, defendant was sentenced in accordance with his negotiated plea agreement (*see People v Johnson*, 21 AD3d 1149, 1150 [2005]). As this record reveals no abuse of the sentencing court's discretion or extraordinary circumstances (*see People v Hamlin*, 21 AD3d 701, 701-702 [2005], *lv denied* 5 NY3d 852 [2005]), we decline to disturb the sentence imposed. Defendant's assertion that he was improperly sentenced as a second felony offender is predicated on his claim that he did not serve in excess of one year on the prior felony conviction. The statute, however, only requires that the conviction be one for which a sentence in excess of one year may be imposed (*see* Penal Law § 70.06 [1] [a]). Defendant's prior conviction for attempted assault in the

second degree is in this category. Thus, not only is this argument meritless, defendant's related argument that his last counsel was ineffective for failing to object to his being sentenced as a second felony offender is also meritless. Lastly, his argument that his prior counsel was ineffective for failing to turn over his entire file to subsequent counsel is clearly belied by the record.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.