■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON TORRES, Appellant. [812 NYS2d 930]—Judgment, Supreme Court, New York County (Charles H. Solomon, J., at plea; Micki A. Scherer, J., at sentence), rendered on or about November 6, 2003, unanimously affirmed. No opinion. Order filed. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH DORSEY, Appellant. [813 NYS2d 81]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered November 30, 2004, convicting defendant, upon his plea of guilty, of attempted course of sexual conduct against a child in the second degree, and sentencing him to a term of 10 years' probation, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). The record establishes that the plea was knowing, intelligent and voluntary, and it refutes his conclusory assertions of innocence and misunderstanding of the charge to which he pleaded guilty. While the court did not warn defendant that he would be required to register as a sex offender, this was a collateral consequence and the absence of such a warning did not undermine the voluntariness of the plea (*see e.g. People v Coss*, 19 AD3d 943 [2005], *lv denied* 5 NY3d 805 [2005]; *compare People v Catu*, 4 NY3d 242 [2005]). In any event, during the plea allocution, the court warned defendant that as a result of his plea he would be determined to be a sex offender.

By pleading guilty, defendant forfeited his statutory speedy trial claim (*People v O'Brien*, 56 NY2d 1009 [1982]). Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.