■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD ADAMS, Appellant. [818 NYS2d 847]—

Spain, J. Appeal from a judgment of the County Court of Ulster County (LaBuda, J.), rendered May 10, 2005, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

In October 2004, defendant was indicted on seven criminal counts stemming from his knife-point robbery of an elderly man outside a diner in the City of Kingston, Ulster County on the morning of August 21, 2004. The victim notified police, who obtained information that the prior evening defendant had smoked crack cocaine with an acquaintance and had thereafter unexplainedly acquired money to purchase more. After observing defendant and the acquaintance leave in a taxi, police stopped the vehicle, learned that defendant was wanted on an unrelated charge and took him into custody. At the police station, defendant repeatedly received *Miranda* warnings and gave a taped confession, consistent with the victim's account, admitting the robbery. Defendant moved to suppress his confession, arguing that police lacked reasonable suspicion to stop the taxi and his statement was involuntarily procured. After County Court held a hearing and rejected some of defendant's suppression contentions, defendant elected to enter a guilty plea to robbery in the first degree as part of a negotiated agreement in which he would be sentenced, as a second felony offender, to a 10-year prison term and five years of postrelease supervision. At sentencing, County Court denied defendant's oral pro se motion to withdraw his plea and imposed the agreed-upon sentence. On defendant's appeal, we affirm.

Initially, defendant challenges County Court's finding, after the suppression hearing, that his taped statement to police was voluntary. However, only "[a]n order *finally denying* a motion to suppress evidence" is reviewable on appeal following a guilty plea (*see* CPL 710.70 [2] [emphasis added]). Here, defendant pleaded guilty while his motion to suppress his statement to police was still pending, "forfeiting this issue for appellate review" (*People v Atwood*, 9 AD3d 512, 513 [2004]; *see People v Williams*, 6 AD3d 746, 747 [2004], *lv denied* 3 NY3d 650 [2004]; *see also People v Fernandez*, 67 NY2d 686, 688 [1986]). While the court had rejected defendant's involuntariness-based suppression claims, it had not yet ruled on whether police had reason-

able suspicion to stop the taxi in which defendant was riding and arrest him and, thus, whether his confession should be suppressed as the product of an illegal arrest (*see People v Davis*, 18 AD3d 1016, 1017 [2005], *lv denied* 5 NY3d 805 [2005]; *People v Terry*, 2 AD3d 977, 978 [2003], *lv denied* 2 NY3d 746 [2004]; *People v Baptiste*, 306 AD2d 562, 565-566 [2003], *lv denied* 1 NY3d 594 [2004]). In any event, viewing the totality of circumstances and deferring to County Court's credibility determinations and findings (*see People v Bolarinwa*, 258 AD2d 827, 829 [1999], *lv denied* 93 NY2d 1014 [1999]), we find full record support for the conclusion that defendant's statement was trustworthy as he was not so intoxicated when he gave the confession that he was unable to understand and waive his rights or the meaning of his statement (*see People v Schompert*, 19 NY2d 300, 305-306 [1967], *cert denied* 389 US 874 [1967]; *People v Enright*, 122 AD2d 443, 443 [1986]), which was not rendered involuntary by promises, deception or threats (*see People v Serrano*, 14 AD3d 874, 875 [2005], *lv denied* 4 NY3d 803 [2005]; *People v Huntley*, 259 AD2d 843, 845 [1999], *lv denied* 93 NY2d 972 [1999]; *People v Ward*, 241 AD2d 767 [1997], *lv denied* 91 NY2d 837 [1997]).

Next, defendant challenges the adequacy and voluntariness of the plea allocution, claiming that County Court was obligated to conduct a more extensive inquiry. A review of the colloquy reveals that defendant sufficiently admitted to the elements of the crime and his plea was voluntary, knowing and intelligent (*see People v Williams, supra* at 747; *People v Dennis*, 295 AD2d 755, 755-756 [2002], *lv denied* 99 NY2d 534 [2002]).

Defendant also argues that County Court erred by denying his motion made at sentencing to withdraw his plea, premised in part on claims that he was denied the effective assistance of counsel. Defendant's motion was based solely on his unsworn assertions that he had not displayed a weapon, claims which were contrary to his sworn plea allocution and confession. This is unavailing, because "[w]here a defendant has been fully informed of the rights he is waiving by pleading guilty and proceeds to admit the acts constituting the crime, a subsequent protestation of innocence which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea" (*People v Thomas*, 25 AD3d 879, 880 [2006], *lv denied* 6 NY3d 853 [2006] [internal quotation marks and citations omitted]).

In view of the foregoing and defendant's unequivocal plea allocution, we discern no abuse of discretion in the summary denial of defendant's motion, as defendant offered no evidence

of his innocence, fraud or mistake in the inducement of his plea (*see id.* at 880). Defendant's claims of reduced guilt were belied by his plea and confession and did not present "a genuine question of fact as to [the plea's] voluntariness" (*People v De Fabritis*, 296 AD2d 664, 664 [2002], *lv denied* 99 NY2d 557 [2002]; *see People v Coss*, 19 AD3d 943, 943-944 [2005], *lv denied* 5 NY3d 805 [2005]; *People v Lahon*, 17 AD3d 778, 779 [2005], *lv denied* 5 NY3d 790 [2005]). Nor are we concerned that defendant was denied meaningful representation, as the record does not reflect that he was misinformed about the proof against him, the terms of the plea or the option of going to trial. Counsel advanced pretrial motions and negotiated a very advantageous plea, the outcome of the suppression ruling was not certain and the continued availability of that plea deal was not assured (*see People v Coss, supra* at 944; *People v Lahon, supra* at 780; *People v Cherry*, 12 AD3d 949, 949 [2004], *lv denied* 4 NY3d 797 [2005]). Counsel did not act contrary to defendant's motion but, rather, responded to defendant's inadequacy of counsel claims, and defendant's remaining claims are either dehors the record or without merit.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.