THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH SMITH, Appellant. [829 NYS2d 375]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 4, 2005. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree, assault in the first degree, robbery in the first degree (five counts), sodomy in the first degree (two counts) and sexual abuse in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of sodomy in the first degree (Penal Law former § 130.50 [1]) and numerous other offenses related to a home invasion robbery. We reject the contention of defendant that Supreme Court improvidently exercised its discretion in denying his motion to withdraw the plea. The remarks and conduct of defendant "do not suggest that he lacked the capacity to understand the plea proceeding" (*People v Jones*, 8 AD3d 1021, 1021 [2004], *lv denied* 3 NY3d 676 [2004]; *see People v Price*, 309 AD2d 1259 [2003], *lv denied* 1 NY3d 578 [2003]), and the record establishes that the guilty plea " 'was voluntarily made with the advice of counsel following an appraisal of all the relevant factors' " (*People v May*, 305 AD2d 1095, 1095 [2003], *lv denied* 100 NY2d 622 [2003], quoting *People v Dixon*, 29 NY2d 55, 57 [1971]; *see People v Smith*, 5 AD3d 1095 [2004], *lv denied* 2 NY3d 807 [2004]). Although defendant was not advised that he would be required to register as a sex offender, such registration is a collateral consequence of the plea and thus the failure to advise defendant of that consequence does not undermine the voluntariness of the plea (*see People v Dorsey*, 28 AD3d 351 [2006], *lv denied* 7 NY3d 755 [2006]; *People v Coss*, 19 AD3d 943 [2005], *lv denied* 5 NY3d 805 [2005]).

Contrary to the further contention of defendant, "[t]he facts and circumstances surrounding [his] plea colloquy establish that the waiver of the right to appeal is valid" (*People v Nichols*, 32 AD3d 1316, 1317 [2006]; *see generally People v Lopez*, 6 NY3d 248, 256 [2006]). The valid waiver of the right to appeal encompasses defendant's challenge to the severity of the bargained-for sentence (*see Lopez*, 6 NY3d at 255; *People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]).

To the extent that the contention of defendant that he was denied effective assistance of counsel survives the guilty plea and the valid waiver of the right to appeal (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]; *see also People v Barnes*, 32 AD3d 1250 [2006]; *People v Perillo*, 300 AD2d 1097 [2002], *lv denied* 99 NY2d 618 [2003]), we conclude that defendant received meaningful representation (*see generally People v Ford*, 86 NY2d 397, 404 [1995]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Gorski, J.P., Smith, Lunn, Peradotto and Pine, JJ.