■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRIENCE THOMAS, Appellant. [855 NYS2d 747]—Malone Jr., J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered March 6, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

In satisfaction of a three-count indictment, defendant pleaded guilty to criminal possession of a weapon in the third degree. Under the terms of the plea agreement, he waived his right to appeal and was to be sentenced to five years in prison to be followed by a period of postrelease supervision ranging from 1½ to 3 years. At sentencing, defense counsel moved on defendant's behalf to withdraw his guilty plea on the ground that it was not knowingly and voluntarily made. County Court summarily denied the motion and proceeded to sentence defendant to five years in prison and two years of postrelease supervision. Defendant now appeals.

Defendant contends that he was denied the effective assistance of counsel and his guilty plea was not knowingly, voluntarily and intelligently made. Preliminarily, we note that defendant is precluded by his appeal waiver from challenging the effectiveness of his counsel except to the extent that it relates to the voluntariness of his plea (see People v Morelli, 46 AD3d 1215, 1217 [2007]). Inasmuch as defendant's assertions in this regard are not so confined, we need not address his claim.

We find no merit to defendant's contention that his guilty plea was not knowingly, voluntarily and intelligently made. A

review of the plea proceedings discloses that County Court advised defendant of the consequences of pleading guilty, including his waiver of the right to appeal, and defendant indicated that he understood them. Defendant further stated that he was not coerced or under the influence of substances affecting his ability to comprehend the proceedings and was satisfied with the services of his attorney. The fact that defendant was displeased with the negotiated sentence does not establish that his guilty plea was involuntary (*see People v Rivera*, 266 AD2d 576, 577 [1999]). Absent evidence of innocence, fraud or mistake in the inducement of the plea, we find no abuse of discretion in County Court's summary denial of defendant's motion to withdraw (*see People v Thomas*, 25 AD3d 879, 880 [2006], *lv denied* 6 NY3d 853 [2006]; *People v Coss*, 19 AD3d 943, 943-944 [2005], *lv denied* 5 NY3d 805 [2005]).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.