■ The People of the State of New York, Respondent, v Leon Greathouse Jr., Appellant. [879 NYS2d 629]—

Stein, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered May 23, 2008, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

In September 2007, defendant allegedly sold cocaine to an undercover police officer and was thereafter arrested and indicted for one count of criminal sale of a controlled substance in the third degree and six counts of criminal possession of a controlled substance in varying degrees. He subsequently pleaded guilty to a reduced charge of attempted criminal sale of a controlled substance in the third degree in full satisfaction of the indictment and executed a written waiver of appeal. Prior to sentencing, defendant submitted a pro se motion to withdraw his guilty plea, asserting that such plea was involuntary and that his counsel was ineffective. County Court denied his motion and—pursuant to the negotiated plea agreement—sentenced defendant as a second felony offender to a prison term of seven years followed by three years of postrelease

supervision. On this appeal, defendant maintains that County Court abused its discretion in denying his motion without a hearing because his plea was involuntary and that, among other things, he was improperly sentenced as a second felony offender.

We note, initially, that defendant's challenge to the voluntariness of his plea survives the waiver of his right to appeal (*see People v Walker*, 47 AD3d 965, 966 [2008]). Nonetheless, we now affirm. "The decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness" (*People v De Fabritis*, 296 AD2d 664, 664 [2002], *lv denied* 99 NY2d 557 [2002] [citation omitted]). Moreover, in the absence of some evidence or claim of innocence, fraud or mistake in its inducement, a guilty plea may not be withdrawn (*see People v Atkinson*, 58 AD3d 943, 943 [2009]).

Here, the record amply supports County Court's determination that defendant entered into a knowing, intelligent and voluntary plea. Indeed, during his plea colloquy, defendant admitted to facts establishing the elements of his crime and acknowledged that he understood the nature and consequences associated with his guilty plea (*see People v White*, 52 AD3d 950, 951 [2008], *lv denied* 11 NY3d 742 [2008]). Defendant's subsequent protestation of innocence, furthermore, is insufficient to warrant a hearing on the issue inasmuch as it is unsupported by any evidence and is contradicted by grand jury testimony from both the arresting police officer, who indicated that defendant was in possession of $1,400 worth of cocaine at the time of his apprehension, and the undercover police officer, who stated that she purchased 1.9 grams of cocaine from defendant (*see People v De Fabritis*, 296 AD2d at 665; *People v Davis*, 250 AD2d 939, 940-941 [1998]).

Defendant's assertion that he was improperly sentenced as a second felony offender implicates the legality of the sentence imposed and is, thus, similarly not precluded by his waiver of appeal (*see People v Ellis*, 53 AD3d 776, 777 [2008]). Nevertheless, his failure to raise the issue before County Court renders the claim unpreserved for our review (*see People v Atkinson*, 58 AD3d at 944). Were we to consider it, we would find it to be without merit as the record demonstrates substantial compliance with CPL 400.21 (*see People v Paige*, 24 AD3d 895, 895 [2005], *lv denied* 6 NY3d 851 [2006]). Defendant's remaining contentions have been reviewed and are without merit.

Mercure, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.