■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL A. CARMONA III, Appellant. [887 NYS2d 370]—

McCarthy, J. Appeal from a judgment of the County Court of Schoharie County (Bartlett, III, J.), rendered October 24, 2007, convicting defendant upon his plea of guilty of the crimes of manslaughter in the first degree and robbery in the first degree.

Defendant was indicted on charges of murder in the second degree, manslaughter in the first degree, and two counts of robbery in the first degree. Defendant negotiated a guilty plea to manslaughter in the first degree and one count of robbery in the first degree, and was sentenced to concurrent prison terms of 25 years and five years of postrelease supervision. Prior to sentencing, defendant moved to withdraw his plea. County Court denied the motion, prompting this appeal. We affirm.

After entering his guilty plea, defendant moved to dismiss his original attorney and was appointed new counsel who subsequently moved to withdraw the plea. In support of the motion to withdraw, defendant's new counsel submitted an affirmation indicating that (1) defendant may not have had sufficient time to confer with prior counsel before offering his plea, (2) prescription medication may have affected defendant's ability to comprehend the proceedings, and (3) defendant's prior counsel failed to move to withdraw the guilty plea and misled defendant as to the whole process. Defendant also submitted an affirmation from his original attorney indicating that the attorney had spoken with several witnesses, investigators and attorneys associated with the matter and had been prepared to bring the case to trial. The attorney reviewed medical records that indicated that a breathing tube was incorrectly placed in the victim's body, raising a potential defense of intervening medical

malpractice, which the attorney discussed with defendant. The attorney had many conversations with defendant and advised him as to the strengths and weaknesses of the People's case. When defendant vacillated over whether to plea, the attorney advised him not to rush his decision. The record indicates that defendant originally rejected the plea offer on March 28, 2007, however, he reconsidered some six weeks later and accepted the plea on May 10, 2007.

Whether a defendant is allowed to withdraw a guilty plea is left to the sound discretion of the trial court (*see People v Thomas*, 50 AD3d 1315, 1316 [2008]; *People v Ellis* 43 AD3d 485, 486 [2007], *lv denied* 9 NY3d 961 [2007]; *People v Thomas*, 25 AD3d 879, 880 [2006], *lv denied* 6 NY3d 853 [2006]). Generally, a plea may not be withdrawn unless there is some evidence of innocence, fraud or mistake in its inducement (*see People v Thomas*, 50 AD3d at 1316; *People v Hunt*, 29 AD3d 1081, 1082 [2006], *lv denied* 7 NY3d 813 [2006]; *People v Thomas*, 25 AD3d at 880). "Moreover, '[w]here a defendant has been fully informed of the rights he [or she] is waiving by pleading guilty and proceeds to admit the acts constituting the crime, a subsequent protestation of innocence which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea' " (*People v Davis*, 250 AD2d 939, 940 [1998], quoting *People v Paulk*, 142 AD2d 754, 754 [1988], *lv dismissed* 72 NY2d 960 [1988]; *accord People v Thomas* 25 AD3d at 880).

County Court engaged in a detailed colloquy with defendant during the plea allocution, explaining the rights he possessed and eliciting defendant's clear acknowledgment of the rights he was waiving. The court then asked defendant if he committed the acts set forth in the second and third counts of the indictment, reading the allegations of both counts from the indictment, independently. In response, defendant replied, "Yes, sir." "Nothing in the record of the plea allocution called into question the voluntary, knowing and intelligent nature of defendant's bargained-for plea" (*People v Seeber*, 4 NY3d 780, 780 [2005] [citation omitted]). Nor was any hearing required based on hearsay or vague, ambiguous or conclusory statements contained in the affirmation of defendant's second attorney (*see People v Wyant*, 47 AD3d 1068, 1069 [2008], *lv denied* 10 NY3d 873 [2008]; *People v Hudson*, 237 AD2d 759, 760 [1997], *lv denied* 90 NY2d 1012 [1997]; *compare People v Hawkins*, 271 AD2d 756, 758 [2000]). Although counsel was granted an adjournment to prepare the motion to withdraw the plea, no affidavit by defendant was submitted to substantiate his claim of ineffective assistance or to cast doubt on his ability to comprehend the plea proceedings.

" 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008], quoting *People v Ford*, 86 NY2d 397, 404 [1995]). Defendant was 18 years old at the time of his plea, and the benefit of avoiding a potential life sentence is self-evident. During his plea, defendant expressly acknowledged his satisfaction with counsel and admitted discussing his rights and possible defenses with counsel, which counsel confirmed on the record. Defendant acknowledged having sufficient time to consider his plea and denied being under the influence of any drugs or alcohol, or having any physical, mental or emotional illness that prevented his understanding of the proceedings. Nothing in the record calls his comprehension of the proceedings into question.

As to the potential defense of intervening medical malpractice, the Court of Appeals has held that where " 'felonious assault is operative as a cause of death, the causal co-operation of erroneous surgical or medical treatment does not relieve the assailant from liability for homicide' " (*People v Stewart*, 40 NY2d 692, 697 [1976], quoting *People v Kane*, 213 NY 260, 270 [1915]). In his plea allocution, defendant admitted causing the injuries which resulted in the victim's death. Defendant never denied causing those life-threatening injuries, and nothing in the record even suggests an intervening cause that would have necessitated the medical treatment that the victim received. Accordingly, we find no abuse of discretion in County Court's denial of a hearing on the issue.

Cardona, P.J., Peters, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.