■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAHLAUNE D. MITCHELL, Appellant. [901 NYS2d 405]—Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered July 16, 2009, convicting defendant upon his plea of guilty of the crime of attempted rape in the second degree.

Under the terms of a plea agreement, defendant consented to

prosecution by a superior court information, purportedly waived his right to appeal and pleaded guilty to attempted rape in the second degree. At sentencing, defendant unsuccessfully moved to withdraw his plea. County Court then sentenced him as a second felony offender to a prison term of four years and post-release supervision of 10 years. Defendant now appeals.

As the People concede, defendant's argument that he should have been permitted to withdraw his guilty plea survives any appeal waiver; nevertheless, we affirm (*see People v Greathouse*, 62 AD3d 1212, 1213 [2009], *lv denied* 13 NY3d 744 [2009]). Whether to allow withdrawal of a guilty plea is left to the sound discretion of County Court, and will generally not be permitted absent "some evidence of innocence, fraud or mistake in its inducement" (*People v Carmona*, 66 AD3d 1240, 1241 [2009], *lv denied* 14 NY3d 799 [2010]; *see People v Sepulveda*, 65 AD3d 754, 755 [2009], *lv denied* 13 NY3d 941 [2010]). During the plea colloquy, defendant was advised of his rights, indicated he understood them and admitted committing the crime in question, and his later unsubstantiated claim of innocence was insufficient to support his request to withdraw his plea or otherwise require a hearing on the issue (*see People v Shovah*, 67 AD3d 1257, 1257-1258 [2009], *lv denied* 14 NY3d 773 [2010]; *People v Carmona*, 66 AD3d at 1241). Defendant's further intimation that his plea arose from the ineffective assistance of counsel involves matters outside of the record and is also belied by his statements during the plea colloquy that he was satisfied with counsel's efforts (*see People v Scitz*, 67 AD3d 1251, 1252 [2009]; *People v Escalante*, 16 AD3d 984, 985-986 [2005], *lv denied* 5 NY3d 788 [2005]; *cf. People v Williams*, 35 AD3d 1085, 1086-1087 [2006]).

Cardona, P.J., Mercure, Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.