■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN C. STRICKLAND, Appellant. [909 NYS2d 172]—

Spain, J. Appeals (1) from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered March 13, 2009, convicting defendant upon his plea of guilty of the crime of arson in the third degree (two counts) and of violating the terms of his probation, and (2) by permission, from an order of said court, entered September 23, 2009, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

In 2005, defendant pleaded guilty to conspiracy in the fourth degree stemming from his involvement in an arson in exchange for a split sentence of no more than 60 days in jail plus five years of probation. In 2008, defendant was charged with four counts of arson in the third degree and one count of attempted

---

arson in the third degree. Pursuant to a plea agreement, defendant agreed to plead guilty to two counts of arson in the third degree in full satisfaction of the indictment, in exchange for a sentence of a term of imprisonment of 3½ to 7 years for each count, with the sentences to run consecutively. It was also agreed that defendant would be sentenced to a prison term of 1⅓ to 4 years for a violation of probation, with that sentence to run concurrently with the other sentences. Prior to sentencing, defendant moved to withdraw his plea. County Court denied the motion without a hearing and subsequently sentenced defendant to the agreed-upon sentence. Thereafter, defendant moved pursuant to CPL 440.20 to set aside the sentence, contending that the sentences imposed on the arson in the third degree convictions should run concurrently rather than consecutively as imposed. County Court denied the motion without a hearing and defendant now appeals from both the judgment of conviction and, by permission, the order denying his CPL article 440 motion.

We affirm. Defendant initially contends that County Court erred in denying his motion to withdraw his plea without a hearing, arguing that he did not fully understand what crimes to which he was pleading guilty. It is well settled that "[t]he decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness" (*People v De Fabritis*, 296 AD2d 664, 664 [2002], *lv denied* 99 NY2d 557 [2002]). Here, the record reveals that defendant was advised of the charges to which he was pleading and of the consequences of his guilty plea, indicated he had an opportunity to discuss the plea with counsel, that his plea was voluntary and that he was entering a plea because he was guilty. While the record reflects some confusion on defendant's part prior to entering his plea concerning the meaning of aiding and abetting in the commission of a crime, we note that at that point County Court adjourned the plea colloquy to provide defendant an opportunity to discuss the issue with counsel. Following the adjournment, defendant proceeded to plead guilty to two counts of arson in the third degree, specifically admitting to aiding and abetting in the setting of two fires. Under these circumstances, we are satisfied that defendant entered a voluntary, knowing and intelligent plea (*see People v Shovah*, 67 AD3d 1257, 1258 [2009], *lv denied* 14 NY3d 773 [2010]; *People v Greathouse*, 62 AD3d 1212, 1213 [2009], *lv denied* 13 NY3d 744 [2009]). Moreover, there is no support in the record for defendant's subsequent protestation of innocence. Accordingly, we conclude that County Court did not abuse its discretion in deny-

ing his motion to withdraw his guilty plea without a hearing (*see People v Carmona*, 66 AD3d 1240, 1241 [2009], *lv denied* 14 NY3d 799 [2010]; *People v Thomas*, 50 AD3d 1315, 1316 [2008]).

Finally, we are unpersuaded by defendant's contention that his sentence was harsh and excessive. Inasmuch as the indictment and defendant's guilty plea establish that his participation in the setting of each fire was a separate and distinct act, we find no abuse of discretion in County Court imposing consecutive sentences (*see People v Reynoso*, 11 AD3d 719, 720 [2004]). Further, we perceive no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Dickson*, 55 AD3d 1137, 1137-1138 [2008]; *People v Wojes*, 306 AD2d 754, 758 [2003], *lv denied* 100 NY2d 600 [2003]).

Cardona, P.J., Mercure, Lahtinen and Garry, JJ., concur. Ordered that the judgment and order are affirmed.