■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS S. KEATING, Also Known as TOMAS KEATING, Appellant. [945 NYS2d 582]—

Peters, P.J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered April 8, 2011, convicting defendant upon his plea of guilty of the crimes of attempted disseminating indecent material to minors in the first degree and failure to register under the Sex Offender Registration Act.

Pursuant to an agreement resolving two indictments against him, defendant waived his right to appeal in each case and pleaded guilty to attempted disseminating indecent material to minors in the first degree and failure to register under the Sex Offender Registration Act. County Court thereafter denied defendant's motion to withdraw the plea and imposed the agreed-upon aggregate prison sentence of 2⅔ to 7 years. Defendant appeals.

Defendant knowingly, intelligently and voluntarily waived his right to appeal in both cases. During the combined plea allocution, County Court distinguished the right to appeal from those rights forfeited by pleading guilty. Defendant then stated that he understood the consequences of waiving his right to appeal, discussed the written appeal waivers with counsel to his satisfaction, and executed them in open court. Thus, we reject defendant's contentions that he did not comprehend the rights he was giving up, or that County Court was obliged to address the written waivers separately during the colloquy (*see People v Budwick*, 82 AD3d 1447, 1448 [2011], *lv denied* 17 NY3d 857 [2011]; *People v Vaughns*, 70 AD3d 1123, 1124 [2010], *lv denied* 15 NY3d 758 [2010]).

Defendant's challenge to County Court's denial of his oral application to withdraw his guilty plea, which survives his appeal waivers (*see People v Shurock*, 83 AD3d 1342, 1343 [2011]), is without merit. During the plea colloquy, defendant was fully apprised of the terms of the plea agreement and the rights he would be giving up, discussed the ramifications of pleading guilty with counsel, expressed his understanding of them and freely elected to proceed. Defendant further declared himself to be satisfied with defense counsel during the colloquy, notwithstanding his prior concerns about counsel's performance.

Indeed, defendant pointed to no specific basis for his motion to withdraw, instead asserting in conclusory fashion that "all of the facts and circumstances" of the case supported it. Inasmuch as nothing in the record suggests that defendant's guilty plea was anything less than knowing, voluntary and intelligent, County Court properly denied his application without conducting any further inquiry (*see* CPL 220.60 [3]; *People v Carmona*, 66 AD3d 1240, 1241 [2009], *lv denied* 14 NY3d 799 [2010]; *People v Smith*, 270 AD2d 719, 720 [2000]).

We have examined defendant's ineffective assistance of counsel claim and, to the extent it implicates the voluntariness of his plea and thus survives his appeal waiver, find it to be without merit.

Lahtinen, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.