Stein, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered July 20, 2010, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the first degree.
Defendant pleaded guilty to criminal possession of marihuana in the first degree in full satisfaction of an eight-count indictment and waived his right to appeal. The plea agreement provided that defendant would be sentenced to three years in prison, to be followed by IV2 years of postrelease supervision. Prior to sentencing, defendant moved to withdraw his plea on the ground that his plea was not entered into voluntarily, knowingly or intelligently. County Court denied the motion and thereafter imposed the agreed-upon sentence. Defendant now appeals.
We affirm. “Whether to allow withdrawal of a guilty plea is left to the sound discretion of County Court, and will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement” (People v Mitchell, 73 AD3d 1346, 1347 [2010], lv denied 15 NY3d 922 [2010] [internal quotation marks and citation omitted]; accord People v Wilson, 92 AD3d 981, 981 [2012]). Here, defendant’s contention that he did not understand what he was pleading guilty to or that he was to be sentenced to three years in prison under the plea agreement is belied by the record. A review of the plea colloquy reveals that defendant had previously discussed the plea and its consequences with counsel, was fully apprised by County Court of the *1189 terms of the plea agreement and heard and understood the terms prior to entering his plea. Accordingly, we conclude that County Court’s denial of defendant’s motion was a sound exercise of its discretion (see People v Keating, 96 AD3d 1107, 1108 [2012]; People v Waters, 80 AD3d 1002, 1003 [2011], lv denied 16 NY3d 858 [2011]).
We also reject defendant’s contention that his waiver of the right to appeal was invalid. The plea allocution and the written waiver of appeal executed in open court demonstrate that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Martinez-Velazquez, 89 AD3d 1318, 1319 [2011]; People v Jean-Francois, 82 AD3d 1366, 1366 [2011], lv denied 17 NY3d 797 [2011]). Defendant’s challenge to the sufficiency of his plea and his claim that he received ineffective assistance of counsel, which survive his appeal waiver and were preserved by his motion to withdraw his plea (see People v Fitzgerald, 56 AD3d 811, 812 [2008]), are nevertheless without merit. The plea minutes reflect that defendant admitted his guilt and affirmatively responded to County Court’s inquiries regarding the elements of the crime. Consequently, we conclude that the allocution was sufficient (see People v Ackley, 84 AD3d 1639, 1640 [2011]; People v Kaszubinski, 55 AD3d 1133, 1135-1136 [2008], lv denied 12 NY3d 855 [2009]). To the extent that defendant claims that he was denied the effective assistance of counsel, such claim involves matters outside of the record and is more properly the subject of a CPL article 440 motion (see People v Leszczynski, 96 AD3d 1162, 1163 [2012], lv denied 19 NY3d 998 [2012]). In any event, the record demonstrates that counsel negotiated a favorable plea and defendant acknowledged during the plea colloquy that he had been provided enough time to discuss the plea with counsel and that he was satisfied with his services (see People v Wilson, 92 AD3d at 981-982 [2012]; People v Mitchell, 73 AD3d at 1347).
Peters, PJ., Lahtinen, Garry and Egan Jr., JJ, concur. Ordered that the judgment is affirmed.