Lahtinen, J.P.
Defendant was arrested for his alleged role in the death of an individual who was shot while in bed and his house then set on fire. He was indicted upon charges of murder in the second degree (two counts), arson in the second degree and burglary in the first degree. In a plea agreement that did not include a specific sentencing commitment, defendant pleaded guilty to *1116 manslaughter in the first degree and burglary in the first degree in full satisfaction of the indictment. Prior to sentencing, he moved to withdraw his plea, arguing that his attorneys failed to provide effective representation and coerced him into pleading guilty. County Court denied the motion and thereafter sentenced defendant to 25 years in prison on each charge, to run concurrently. Defendant now appeals and we affirm.
Review of the plea reveals that, contrary to defendant’s contention, it was made knowingly, voluntarily and intelligently (see People v Deyo, 82 AD3d 1503, 1503-1504 [2011], lv denied 17 NY3d 815 [2011]; People v Strickland, 77 AD3d 1019, 1020-1021 [2010]; People v Carmona, 66 AD3d 1240, 1241 [2009], lv denied 14 NY3d 799 [2010]). County Court set forth the rights that defendant was giving up by pleading guilty and defendant responded that he understood. Defendant acknowledged that he was guilty of the crimes to which he was pleading and that he had committed the acts described in the charges, which were recited by the court. Further, defendant confirmed that he was not forced or coerced to plead guilty, he was doing so freely and voluntarily, and he had discussed his decision with his counsel. The remaining arguments have been considered and are unpersuasive.
Malone Jr., Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.