Kavanagh, J.
We affirm. Initially, the record establishes that defendant’s decision to waive his appellate rights was knowing, intelligent and voluntary (see People v Dame, 100 AD3d 1032, 1033 [2012]). Defendant’s challenge to the amount of restitution set by County Court is not barred by the appeal waiver because the plea agreement did not specify the amount of restitution to be imposed (see People v Smith, 100 AD3d 1102,1102 [2012]; People v Vasavada, 93 AD3d 893, 894 [2012], lv denied 19 NY3d 978 [2012]; People v Diallo, 88 AD3d 1152, 1153 [2011], lv denied 18 NY3d 993 [2012]). However, he has not preserved his right to challenge the amount of restitution because he withdrew his request for a hearing and agreed to pay $26,000 in restitution prior to sentence being imposed (see People v White, 84 AD3d 1641, 1642 [2011], lv denied 18 NY3d 887 [2012]; compare People v Stevens, 80 AD3d 791, 792 [2011], lv denied 16 NY3d *1359 900 [2011]). Also, County Court was not required to consider defendant’s ability to pay when it ordered restitution, as a significant component of his sentence was a period of incarceration (see People v Merchant, 79 AD3d 1526, 1527 [2010]). Further, defendant’s valid waiver of the right to appeal both his conviction and sentence (cf. People v Maracle, 19 NY3d 925 [2012]) precludes any claim that we should exercise our interest of justice jurisdiction and reduce the sentence (see People v Lopez, 97 AD3d 853, 853-854 [2012], lv denied 19 NY3d 1027 [2012]; People v White, 96 AD3d 1299, 1300 [2012], lv denied 19 NY3d 1029 [2012]).
While defendant’s claim that he was denied the effective assistance of counsel survives his waiver of appeal to the extent that it impacts upon the voluntariness of his plea (see People v Jerome, 98 AD3d 1188, 1189 [2012]), the record does not indicate that defendant made an appropriate motion to withdraw his plea and, therefore, it has not been preserved for our review (see People v Benson, 100 AD3d 1108, 1109 [2012]; People v DeJesus, 96 AD 3d 1295, 1295 [2012]). In any event, his claim focuses on the fact that a lawyer who initially represented him may have previously represented the victim and, therefore, a conflict of interest existed depriving defendant of effective representation. However, when defendant entered his guilty plea, he was represented by different counsel who had no professional relationship with the victim, and any conflict that may have existed at one time did not compromise the integrity of his guilty plea. Also, defendant’s claim that County Court erred by failing to provide him with funds to retain a psychiatric expert has been waived, since defendant agreed to enter the guilty plea prior to a ruling being made on this application. More importantly, defendant not only waived the right to assert a psychiatric defense,* but his lucid and appropriate responses to the court’s questions during the plea colloquy belie any suggestion that his guilty plea was not knowingly and voluntarily entered (see People v Budwick, 82 AD3d 1447, 1448 [2011], lv denied 17 NY3d 857 [2011]; People v Woodard, 17 AD3d 929, 930 [2005], lv denied 5 NY3d 811 [2005]).
Mercure, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

 Defendant also waived an intoxication defense.