Lynch, J.
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered September 27, 2013, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.
Defendant waived indictment and pleaded guilty to a superior court information charging him with attempted burglary in the third degree. Under the terms of the plea agreement, defendant agreed to enter into the Judicial Diversion Program with the understanding that, upon successful completion of the program and a period of probation, he could be presented with the opportunity to withdraw his guilty plea and plea to a misdemeanor. The agreement further provided that if defendant was terminated from, or failed to complete, the program, County Court would sentence him, as a second felony offender, to a prison term of 2 to 4 years. As a result of testing positive for drugs and then absconding to Florida for over a *1111 year, defendant did not complete the program. County Court denied defendant’s subsequent motion to withdraw his guilty plea and, in accordance with the plea agreement, sentenced him to a prison term of 2 to 4 years. Defendant appeals, and we affirm.
“Whether to allow withdrawal of a guilty plea is left to the sound discretion of County Court, and will generally not be permitted absent ‘some evidence of innocence, fraud or mistake in its inducement’ ” (People v Mitchell, 73 AD3d 1346, 1347 [2010], lv denied 15 NY3d 922 [2010], quoting People v Carmona, 66 AD3d 1240, 1241 [2009], lv denied 14 NY3d 799 [2010]). In support of his motion, defendant submitted his own affidavit and an affidavit from the victim — his mother — to demonstrate that he had permission to enter the victim’s residence and had attempted to take only items that belonged to him. However, defendant’s assertions were contradicted by the supporting depositions given by the victim and the victim’s neighbor on the day of the crime, as well as his own admissions during the plea allocution, including that he had “entered [the victim’s] residence without permission.” In particular, the victim stated that she had “kicked” defendant out of her house, that she was trying to obtain an order of protection against him and that the items that defendant had attempted to steal belonged to her. The victim’s neighbor alleged that defendant gained entry into the victim’s residence with the use of a ladder. Moreover, despite defendant’s assertion to the contrary, there was no indication in the record that he was under the influence of drugs at the time he entered his plea and, in fact, records from his remote alcohol monitoring device demonstrated that he passed both of the tests administered to him on that day. Under these circumstances, we cannot say that County Court abused its discretion in denying defendant’s motion to withdraw his guilty plea (see People v Wares, 124 AD3d 1079, 1081 [2015], lv denied 25 NY3d 993 [2015]; People v Griffin, 89 AD3d 1235, 1236-1237 [2011]).
Lastly, in light of defendant’s “fail[ure] to abide by the favorable conditions of the plea” and his considerable criminal history, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the lawful sentence in the interest of justice (People v Feliciano, 54 AD3d 1131, 1132-1133 [2008]; see People v Eggsware, 90 AD3d 1231, 1234 [2011], lv denied 18 NY3d 923 [2012]).
McCarthy, J.P., Garry, Devine and Clark, JJ., concur.
Ordered that the judgment is affirmed.