■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATE PERKINS, Appellant. [60 NYS3d 534]—

Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered May 15, 2014, convicting defendant upon his plea of guilty of the crime of arson in the third degree.

Following a series of fires between 2010 and 2013, defendant was charged by indictment with five counts of arson in the third degree each stemming from different fires. Pursuant to a plea agreement that satisfied all charges, defendant pleaded guilty to the first count, admitting that he had intentionally set a fire in 2010. Consistent with the agreement, which included a waiver of appeal, County Court imposed a prison sentence of 4 to 12 years. Defendant appeals.

Defendant's sole contention on appeal is that the sentence imposed is harsh and excessive. Initially, while defendant signed a written waiver of appeal and indicated that he remembered going over it with counsel, the record does not reflect that he read it, was aware of its contents or understood it (*see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Davis*, 136 AD3d 1220, 1221 [2016], *lv denied* 27 NY3d 1068 [2016]). County Court did not explain the right to appeal, and the plea colloquy does not otherwise establish that defendant, who has developmental disabilities, understood his right to appeal and appreciated the consequences of the waiver. Accordingly, the appeal waiver is invalid and defendant is not precluded from challenging the severity of the sentence (*see People v Bradshaw*, 18 NY3d 257, 264-265 [2011]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Wright*, 149 AD3d 1417, 1417-1418 [2017]; *cf. People v Sanders*, 25 NY3d 337, 340-341 [2015]).

However, we are not persuaded that the agreed-upon

sentence, which was less than the maximum authorized sentence (*see* Penal Law § 70.00 [2] [c]; [3] [b]), is harsh or excessive, particularly given that the plea satisfied charges related to four other fires for which consecutive sentences could have been imposed (*see* Penal Law § 70.25 [2]; *People v Strickland*, 77 AD3d 1019, 1021 [2010]). The agreement took into consideration defendant's age at the time of the crimes (between 17 and 20 years old), his lack of criminal history and his cognitive limitations. Notwithstanding those factors, a psychiatric evaluation reflected that defendant understood the nature of his actions and he acknowledged that he was aware that first responders could have been injured in the fires that he set. Given the danger posed by defendant's conduct, we do not find that extraordinary circumstances are present or that County Court abused its discretion so as to warrant a reduction of the sentence in the interest of justice.

Garry, J.P., Egan Jr., Lynch, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.